[No. 1346.]

# H. G. MAYNARD, APPELLANT, *v.* W. H. IVEY, RESPONDENT.

MECHANICS LIENS—NON-LIENABLE CHARGES IN STATEMENT.—The mere fact that a lien claimant has included in his statement charges for which the law allows no lien will not defeat that portion for which he is entitled to a lien, when the charges are separately stated.

IDEM—SUFFICIENCY OF STATEMENT.—A statement claiming a mechanics lien is sufficient which describes the property sought to be charged, gives the name of the owner, the names of the persons by whom claimant was employed, and the total amount due after deducting all credits and offsets. A lien claimant is not required to particularize the number of days he has labored upon different parts of the property sought to be charged.

APPEAL from the District Court of the State of Nevada, Washoe county.

*R. R. Bigelow*, District Judge.

The facts sufficiently appear in the opinion.

*Robt. M. Clarke*, for Appellant.

I.   The statute to secure liens to mechanics and others should be liberally construed so as to give to lien claimants the benefits intended by the legislature. (*Skyrme* v. *Occidental Co.*, 8 Nev. 220, 239; *Putnam* v. *Ross*, 46 Mo. 337; *Hunter* v. *Truckee Lodge*, 14 Nev. 24; *Malone* v. *Gravel M. Co.*, 76 Cal. 578; *West Coast L. Co.* v. *Newkirk*, 80 Cal. 275; *McDonald* v. *Backus*, 45 Cal. 262; *Lonkey* v. *Wells*, 16 Nev. 274; *Maller* v. *Falcon M. Co.*, 18 Nev. 212.)

II.   A substantial compliance with the statute is all that is required. (*Hunter* v. *Truckee Lodge*, 14 Nev. 24, 28; *Jewell* v. *McKay*, 82 Cal. 144, 151; *Russ* v. *Garretson*, 87 Cal. 589; *Hagman* v. *Williams*, 88 Cal. 146; *Towner* v. *Rennick*, 19 Mo. Appeals 205; *Cornell* v. *Mathews*, 27 N. J. Law 522; *McFee* v. *Litchfield*, 145 Mass. 565; *Cleverly* v. *Moseley*, 148 Mass. 280.)

ON RE-ARGUMENT.

I.   The lien of mechanics is a creation of statute and was unknown to the common law or in equity. (*McNeil* v. *Borland*, 23 Cal. 144; *Canal Co.* v. *Gordon*, 6 Wall. 561.) It is exclusively the creature of statute deriving its existence only from positive enactment. There can be no lien independent of

statute. (Phillips on Mchanics Liens, Sec. 9; *Childs* v. *Anderson*, 128 Mass. 108.)

II. The mechanics lien being a creature of statute, a compliance with the statute is all that is required to create the lien. (Phillips on Mechanics Liens, Secs. 337-340.)

III. The statute of Nevada which creates the right of lien does not require the statement or claim of lien to set forth the nature or character of labor for which the lien is claimed. (Gen. Laws Nev., Sec. 3812.) How the labor was performed, where performed and when performed, is matter of proof to be established at the trial and need not appear in the statement. (Phillips on Mechanics Liens, Sec. 353; *Patrick* v. *Smith*, 120 Mass. 510; *Lonkey* v. *Wells*, 16 Nev. 271; *Ricker* v. *Joy*, 72 Me. 106; *Simonds* v. *Buford*, 18 Ind. 176; *Graves* v. *Pierce*, 53 Mo. 428.)

*W. Webster*, for Respondent.

I. The question is one of notice. There is no direct statement showing ownership of the property in any one. The name of the owner must be ascertained, if at all, by inference. Such ascertainment does not equal the requirements of the statute.

### ON RE-ARGUMENT.

I. The notice should have been made more specific. It should show the labor expended upon each part or division of the property mentioned in the notice.

II. Under the statute a lien may be made upon a structure that may not extend to the land upon which it is made, but in no instance will land become subject to a lien without a structure upon it, unless by special provision. It does not appear that any structure was made on the mill site or upon the grounds of the Willow Creek Mining Company, for which reason no lien could attach upon the lands. (Kneeland on Mechanics Liens, Sec. 128; Mechanics Lien Act of Nev. Secs. 1, 3.)

By the Court, MURPHY, J.:

This action was commenced to forclose a mechanic's and laborer's lien against the property of the Willow Creek Mining Company, a corporation doing business in Washoe county, Nevada. W. H. Ivey was made a party defendant, as having

or claiming to have an interest in the property by judgment and execution, alleged to be subsequent to plaintiff's lien. Ivey demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained, and this appeal is taken from the order sustaining the demurrer and dismissing the action as to Ivey. We are left in doubt as to which portion of the complaint the demurrer was sustained, and it will necessitate an examination of the entire pleadings to determine therefrom if it is a compliance with our lien law.

The plaintiff filed with the county recorder of Washoe county, within the time required by law, a statement of his account, in which is set forth the number of days' work performed, the price per day that had been agreed upon, the dates between which the work and labor were performed, together with the amount received by him, and by whom paid. The statement of the plaintiff's account is a sufficient compliance with the statute. The mere fact that he has included in his statement charges for which the law allows no lien, will not defeat that portion of his claim for which he is entitled to a lien, when the charges are separately stated. (*Allen* v. *Smelting Co.,* 73 Mo. 692; *Dennis* v. *Smith,* 38 N. W. Rep. 695; *Johnson* v. *Building Co.,* 23 Mo. App. 548; *Hubbard* v. *Brown,* 8 Allen, 590; *Harmon* v. *Railroad Co.,* 22 Pac. Rep. 407; *Albrecht* v. *Lumber Co.,* 26 N. E. Rep. 157; *Gaskell* v. *Beard,* 11 N. Y. Supp. 399.)

The name of the owner of the property is set out in the notice of lien as follows : " Know all men by these presents, that H. G. Maynard, of the county of Washoe and state of Nevada, has performed labor in and upon the mining claim and mill site and grounds of the Willow Creek Mining Company, a corporation of the state of Nevada, situate in the said county of Washoe, as more particularly hereinafter described. That the following is a just and true statement of the demand due H. G. Maynard, after deducting all just credits and offsets, and that it is his intention to claim and hold a lien upon the said mining claim, mill site and grounds of the said Willow Creek Mining Company, and upon the improvements, appliances, machinery and appurtenances, mill and water rights belonging to or claimed by said corporation, described as follows : Lot No. 37, containing 20.66 acres, in sections 12 and 13, in

township 17 north, range 19 east, as shown by the record of the
patent of the United States to said mining company at page
303, in Book A of Patents, records of said Washoe county, to
which record reference is hereby made; and that certain tract
of land commencing at the southwest corner of section 7, in
said township and range 20 east; thence running 254 feet east,
thence north along Virginia & Truckee railroad fence. 1,122
feet; thence west 600 feet; thence south to place of beginning—
all of which land, improvements, superstructures and appurte-
nances are charged with this lien. That said work was per-
formed at the special instance and request of C. C. Stevenson,
president of said corporation, and of D. H. Bisbe, then super-
intendent of said corporation, thereto duly authorized by the
trustees thereof."

The right to liens given to mechanics and laborers is intro-
duced into the statutory law of the states by positive statutes.
These statutes were at first looked upon by the courts to be in
derogation of the common law, and hence they were strictly
construed. They have now, however, become an integral part
of our law, and their justice and beneficence have become so
apparent that it was not intended by the legislature that labor-
ers' lien statements should be strangled by technicalities, but
being remedial in their nature they were to receive a broad
and liberal construction. (*Skryme* v. *Mining Co.*, 8 Nev. 221;
*Hunter* v. *Truckee Lodge*, 14 Nev. 28; *Lonkey* v. *Wells*, 16 Nev.
274; *Maller* v. *Mining Co.*, 18 Nev. 212.) The purpose of sec-
tion 3812, Gen. Stats. Nev., is to secure to owners and others,
who are about to advance money or purchase the property,
notice of the amount and nature of the lien to which the prop-
erty is subject, and in whose favor the lien has accrued, and if
that notice is fairly given under the claimant's signature and
affidavit, it is a substantial compliance with the statute, which
is all the law requires.

It would be too rigorous to insist upon formal and technical
accuracy from a laborer in filing his statement of lien with the
county recorder. We think that the statement filed by the
plaintiff in this case meets the requirements of the statute.
The stockholders, lien claimants, or a prospective purchaser of
the Willow Creek Mining Company property, by an inspection
of the statement of lien recorded in the office of the county
recorder, would be notified that Maynard claimed to have

performed labor on property owned by the Willow Creek Mining Company   The total amount earned is stated.   All credits and offsets are deducted therefrom, and the intention of Maynard to cl im a lien against the property for the balance due, the names of the parties by whom he was employed, terms and time given, with a description of the property sought to be charged by the lien, sufficient for identification.   In the complaint it is alleged " that at the date of said employment, and at the time said work and labor was performed, the defendant Willow Creek Mining Company was, ever since has been, and now is, the owner of the said Willow Creek mine, mining ground, and the improvements thereon;" describing them as in the notice.

The allegation that " he has performed labor in and upon the mining claim and mill site and grounds of the Willow Creek Mining Company," is sufficient.   We do not think he is required, under the lien law, to say that he was employed a certain number of days working in the face of a drift, tunnel, or in the bottom of a winze or shaft, as a miner, or that he was running a car or tramway, or turning a windlass to carry rock from the mine, or that he was employed in the mill, feeding batteries or attending pans, or mention any particular kind of work that he was called upon to do by his foreman or superintendent.   As was said by the supreme court of California in the case of *Malone* v. *Mining Co.*, 76 Cal. 586: " It is sufficient to say that the character of the work should not be scrutinized too strictly.   If the labor had a legitimate connection with the working of the mine, it is sufficient, within the meaning of the law."

A substantial compliance with the statute is sufficient, and this is shown to exist wherever enough appears on the face of the statement to point out the way to a successful inquiry, but should not be carried to such extremes as serve only to perplex and embarrass, a remedy intended to be simple and summary without adding anything to the security of the parties having an interest in the property sought to be charged with the lien. The question as to how much labor was performed upon the property, and what portion shall be subject to the plaintiff's lien, is one for the court to determine, after hearing all the evidence in the case.   A notice of intention to claim a lien may include more property than is subject to the lien, or of greater value than is required to pay the same. (*Northwestern, etc., Co.*

v. *Norwegian, etc., Seminary*, 45 N. W. Rep. 868.)    The plaintiff's employment may have been such that he is entitled to a lien on all the property mentioned in his statement filed. (*Wescott* v. *Bunker*, 22 Atl. Rep. 388; *Silvester* v. *Mine Co.*, 22 Pac. Rep. 217; *Tenny* v. *Sly*, 14 S. W. Rep. 1091: *Sergeant* v. *Denby*, 12 S. E. Rep. 402; *Phillips* v. *Gilbert*, 101 U. S. 721.)

The case of *Maller* v. *Mining Co.*, 18 Nev. 212, is not analogous to the case now under consideration.    In that case there was no attempted allegation of ownership; no such a description of the property sought to be charged by the lien whereby the same could be indentified.

From the record before us it appears that the complaint and the matters therein stated are sufficient.    The judgment will be reversed, with instructions to the court below to overrule the demurrer.

BIGELOW, J., did not participate in the foregoing decision, having presided at the trial of the cause below.