[No. 2099]

# LUIGI FERRO, JOHN DIVECCHIA, P. VIRGILIO, AND P. MARCO, APPELLANTS, v. BARGO MINING AND MILLING COMPANY (A CORPORATION), RESPONDENT.

[140 Pac. 527]

1. LIENS—OBJECT OF STATUTE.
    The object of the lien law is to secure payment to those who perform labor upon mining property, or who perform labor upon or furnish material for the construction of other works specified in the statute, for such labor performed or material furnished.

2. STATUTES—CONSTRUCTION.
    In construing or applying the provisions of any statute, the purpose or object of the statute should ever be kept in mind, and a construction or application should be avoided which sacrifices substance to a mere matter of form.

3. MINES—CONSTRUCTION OF LIEN LAW—MINES AND MINERALS.
    The lien law for securing payment for labor on mining property is not to be construed strictly, as in derogation of common law, but liberally, as remedial.

4. MINES AND MINERALS—LIEN CLAIMS—JOINDER OF CLAIMS.
    The statute giving right of lien to both contractors and laborers, a lien claim against mining property is not void for joinder of a claim of lien under a contract of employment by the day with one under a contract of employment for a specified amount of work, at an agreed price per foot; the work being continuous and of the same character under both contracts.

5. MINES AND MINERALS—LIEN CLAIMS—PARTIES.
    Where under a joint contract of two for work on mining property, half the contract price is to be paid each severally, they need not join in a lien claim, but one of them may alone file such a claim for half the amount.

APPEAL from the Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

Action by Luigi Ferro and others against the Bargo Mining and Milling Company. From a judgment of dismissal as to plaintiff Ferro, he appeals. **Reversed and remanded.**

*Dixon & Miller*, for Appellant.

*Massey & Springmeyer*, for Respondent.

By the Court, NORCROSS, J.:

Appellant and several other lien claimants joined in an action to foreclose certain labor liens filed upon certain mining claims, the property of respondent. A demurrer was sustained as to the cause of action of the appellant, Ferro, and as to him judgment of dismissal was entered, From such judgment Ferro has appealed.

So much of the complaint, as involves the questions presented on appeal, reads as follows: "That on or about February 25, 1910, C. Virgilio, as the manager of said corporation, being duly authorized thereto, employed claimant as a miner to work in, on, and about said claims, for a daily wage of $5, payable monthly; that under said contract of employment plaintiff during the months of May, June, July, and August, 1910, worked for eighty-seven days, such labor being of the total value of $435; that plaintiff received during said months board from said corporation of the value of $87; that no other part of said sum has been paid, and that there is now due him a balance of $348 thereon; that on or about the month of August, 1910, said defendant employed C. Virgilio and plaintiff to sink a certain shaft on said Bargo claim a depth of eighty-nine feet, agreeing to pay all expenses of sinking same, including labor and materials, and agreeing upon the completion thereof to pay to plaintiff and said Virgilio the sum of $25 per foot after deducting said expenses, half of said balance to be paid to each; that under said contract plaintiff and said Virgilio caused said shaft to be sunk said distance; that after deducting said expenses there was due from said defendant to plaintiff, as his half of said balance, the sum of $540, no part of which has been paid, and all of which is now and has been, since the completion of said work, due and payable; that there were no terms or conditions to said contracts of employment other than those hereinabove set forth; that the work and services performed by plaintiff under said contracts was the same in character under each contract, and constituted one continuous transaction; that there were not, at the time of filing the

lien hereinafter mentioned, and are not now, any just
credits or offsets against the sum of $888 due plaintiff
under said contracts; and that said work and services
were all performed on that part of said mine known as
the 'Bargo' claim, said work being in furtherance of a
common system tending to the uniform development of
the other contiguous claims constituting said mine, as
aforesaid; that prior to the expiration of fifty days from
the time when plaintiff last performed labor on said
mine under said contracts of employment, to wit, on
December 13, 1910, plaintiff made and executed his claim
of lien upon said mine   *   *   *   for the said balance of
$888, then due and owing under said contracts, and, after
duly verifying same, caused said claim of lien to be
recorded on said 13th day of December, 1910, in the office
of the county recorder of Washoe County,   *   *   *   a
copy of which claim of lien is hereto attached   *   *   *
and made a part of this complaint." The copy of the
claim of lien filed, attached to the complaint as an exhibit,
does not vary, in any substantial particular, from the
allegations in the complaint as above quoted. The
respondent demurred for want of sufficient facts, for
misjoinder of causes of action, and the uniting in one
cause of action of two separate causes of action, in that
the separate contract with Ferro had been joined with
the contract with Ferro and Virgilio, for defect of parties
in the nonjoinder of Virgilio, and for the insufficiency of
the lien in joining the Ferro contract.

It is the contention of respondent that the claim of
lien is fatally defective, because it is based on two con-
tracts, one an individual contract of employment of
appellant alone, the other, a joint contract of appellant
and another as original contractors; that hence "there
cannot be a tacking of such contracts by Ferro."

[1] The object of the lien law is to secure payment to
those who perform labor upon mining property, or who
perform labor upon or furnish material in the construc-
tion of any building or other works, specified in the
statutes, for such labor performed or material furnished.

[2] In construing or applying the provisions of any statute, the purpose or object of the statute should ever be kept in mind, and a construction or application should be avoided which sacrifices substance to a mere matter of form.

[3] Some of the earlier decisions construing or applying lien statutes were inclined to give a strict construction or application, upon the theory that such statutes were in derogation of the common law, a strict construction being the general rule in such character of statutes. These statutes are now regarded as remedial laws, and are given a liberal construction. (*Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 220; *Hunter* v. *Truckee Lodge*, 14 Nev. 28; *Malter* v. *Falcon M. Co.*, 18 Nev. 212, 2 Pac. 50; *Maynard* v. *Ivey*, 21 Nev. 244, 29 Pac. 1090; *Porteous Co.* v. *Fee*, 29 Nev. 380, 91 Pac. 135; *Tonopah L. Co.* v. *Nevada Am. Co.*, 30 Nev. 456, 97 Pac. 636; *Lamb* v. *Goldfield L. M. Co.*, 37 Nev. 9, 138 Pac. 902.)

As said by this court in the recent case of *Lamb* v. *Goldfield L. M. Co.*, *supra*, "while there must be a substantial compliance with the essential requisites of the statute, such pleadings and notices as the law requires should be liberally construed in order that justice might be promoted and the desired object might be effected."

[4] There is no contention that appellant did not have, under the statute, the right of lien security for all that is alleged to be due him for labor performed, but it is contended that he has lost this valuable right, not because he failed to file a lien, but because he has improperly joined two lien rights and there has been a nonjoinder of parties in one of the lien claims. We think these objections ought not to be well taken.

In the Skyrme case, *supra*, the court said: "The manner in which the work was conducted in the Occidental mine is quite common in many of the mines of this state. In the prosecution of the work it is necessary to run tunnels and crosscuts, and sink winzes; and while, as a general rule, the laborers are employed by the day, it is often the case that some of them will take a contract to do this

kind of work at a stipulated price per foot, and within a few days after their contracts are completed either go to work by the day, or take other contracts in the same mine. It would be a harsh and unreasonable rule of construction in these cases to hold that the statute required separate liens to be filed for each contract to enable the laborer to secure his wages. · * * * In the case at bar there was not in reality any new employment. The character of work was the same, viz., labor and work done on the mine. The amount to be paid varied with the peculiar character of the work at different times. We have carefully considered all the testimony, and are satisfied that there was not in the eye of the law any such stoppage or change of work as created independent jobs or contracts requiring the filing of separate liens. The miners worked under the direction of the foreman of the Occidental M. & M. Co., as well under the contracts as when working by the day. We think it was proper to include the work done under the contracts with the work done by the day, and to treat the employment as one continuous transaction for the purpose of ascertaining the time within which the liens should be filed. (*Singerly* v. *Doerr*, 62 Pa. 12; *Fitch* v. *Baker*, 23 Conn. 567.)"

We think the Skyrme case is authority for holding that the lien claim is not void because of a joinder of a claim of lien under a contract of employment by the day with a contract of employment for a specified amount of work at an agreed price per foot, less certain deductions, the work being continuous and of the same character under both contracts. See, also, *Capron* v. *Strout*, 11 Nev. 304. To hold otherwise, would, as we have above stated, be a sacrifice of the substance for a mere matter of form. While the statute in force at the time the lien claim in question was filed provided a longer time in which an "original contractor" might file his claim of lien than that allowed other lien claimants, there is nothing in the statute prohibiting the joining in one lien claim of rights of lien as an original contractor and for labor as an employee, where the same party has both such rights of

lien. Where, as in this case, the character of the work performed was the same and the work was continuous, fine distinctions ought not to be drawn as to the character of the two contracts, where, in substance, they were the same, when to do so would defeat a substantial right. The cases of *Malcomson* v. *Wappoo Mills* (C. C.) 85 Fed. 907, and *Vane* v. *Newcombe*, 132 U. S. 220, 10 Sup. Ct. 60, 33 L. Ed. 310, cited by respondent, are not in point, for those cases considered statutes giving liens to laborers only, and not to contractors. Our statutes give rights of lien both to contractors and laborers, and the only distinction ever made was as to the time in which a lien might be filed, and this distinction was practically abolished by the amendment of 1911. (Rev. Laws, sec. 2217.)

[5] The contention that the lien should be held invalid because Virgilio should have been joined as a necessary party in the lien claim and in the suit based on the claim is without substantial merit. Under the allegations in the complaint, while the work was to be performed jointly, when the contract was completed, one-half of the contract price per foot, after deducting all expenses, was to be paid to each severally. So far as the validity of the lien claim in question is concerned, we think a court would not be justified in holding the same invalid because the contract was joint in character. We do not wish to be understood as holding that in every joint contract it is unnecessary to join all the parties in a lien claim. There may be cases in which the substantial rights of a defendant would be injuriously affected by such a holding. Such, however, is not this case.

Courts are established to do justice between litigants. Statutory provisions regulating procedure are but aids to courts in the accomplishment of the purpose for which they were created. Forms of procedure are convenient and necessary, and justice can best be administered, in the great majority of cases, by requiring a substantial compliance with established rules, but courts should always bear in mind that procedure is but a means unto

an end, and that end the doing of justice between parties litigant.

In the case at bar, Ferro, according to the complaint, performed labor of considerable value upon the property of defendant. The statute gave a right of lien for the purpose of securing to him payment for his services rendered, and made the property he had helped to develop liable for the amount of his claim. He has substantially complied with the provisions of law in filing his claim of lien. He is entitled to a liberal construction of the lien law. His right of lien should not be defeated by technicalities which do not affect the substantial rights of the defendant.

Judgment reversed and cause remanded.