VAUGHN MATERIALS CO., INC., a Nevada Corpora-
tion, Appellant, v. MEADOWVALE HOMES, a
Nevada Corporation, PIONEER TITLE INSUR-
ANCE COMPANY, a Nevada Corporation, RONALD
J. ENGEL and ANNE ENGEL, VIRGIL B. NUTTALL
and BARBARA L. NUTTALL, ANSELMO A. ASER-
CION and BARBARA A. ASERCION, DONALD W.
McHUGH and MARILYN J. McHUGH, Respondents.

No. 5403

March 26, 1968          438 P.2d 822

*Thornton, Guinan and Griswold,* of Reno, for Appellant.

*Stewart and Horton,* of Reno, for Respondents.

**OPINION**

By the Court, THOMPSON, C. J.:

Vaughn Materials brought suit against Meadowvale Homes to foreclose a mechanic's lien. Vaughn lost because its claim of lien was not timely filed. We are asked to reverse that determination. For reasons hereafter stated the appeal must fail. We shall relate only those facts relevant to the issue of timeliness.

From October 21, 1964, to November 19, 1964, Vaughn furnished building materials worth $8,000 to American Homes Distributing Co. for use in the construction of homes in the Meadowvale subdivision, Sparks, Nevada. For approximately two months following the last delivery to American Homes on November 19, Vaughn continued to furnish materials to the Meadowvale subdivision job on the order of Meadowvale Homes, and was paid by Meadowvale Homes for these subsequent deliveries. Meadowvale Homes was the beneficial owner of the subdivision.

On February 23, 1965, Vaughn filed a claim of lien in the sum of $8,000 for the building materials sold by it to American Homes and used in the Meadowvale subdivision project. The claim of lien was not filed within the statutory 90-day limitation period [NRS 108.060][1] after the last delivery of

---

[1] NRS 108.060 in relevant part reads: "Every person claiming the benefit of NRS 108.010 to 108.220, inclusive, shall, not earlier than 10 days after the completion of his contract, or the delivery of material by him, or the performance of his labor, as the case may be, and in each case not later than 30 days after the completion of the contract and the recording of the completion notice by the owner as provided in NRS 108.090, and in all other cases 90 days after the completion of the contract, or the delivery of material, or the performance of his labor, as the case may be, record with the county recorder of the county where the property or some part thereof is situated a claim * * *."

Note: So far as we know, a completion notice was not recorded in this case. See NRS 108.090.

materials to American Homes. Notwithstanding this fact, the lienor suggests that foreclosure is not barred. It argues that a common law agency existed between American Homes (contractor) and Meadowvale Homes (owner) by reason of NRS 108.020(3), and that the 90-day lien period, therefore, did not commence to run until the last delivery of materials to Meadowvale Homes. Subordinately, it contends that, in any event, the time for filing a claim of lien for materials supplied to a contractor is extended when the materialman later delivers materials directly to the landowner. Neither contention is sound.

1. NRS 108.020(3) provides: "Every contractor, subcontractor * * * having charge * * * of the construction * * * of any building or other improvement * * * shall be held to be the agent of the owner, for the purposes of NRS 108.010 to 108.220, inclusive." The statutory agency thus created is for the purpose of securing liens and not personal liabilities [Milner v. Shuey, 57 Nev. 174, 180, 69 P.2d 771 (1937)] and, therefore, is quite unlike a common law agency which charges the principal with personal liability for authorized acts of his agent. The obvious purpose of the statutory agency is to subject the owner's property to lien for improvements ordered by one in charge, if that lien is perfected within the time and manner specified by law. Here, the lienor did not timely file its claim of lien.

2. Case law from other jurisdictions declares that the time for filing a claim of lien for materials supplied to a contractor is not extended when the supplier later contracts with and delivers material directly to the landowner. The following cases are illustrative: Frank J. Trunk & Son, Inc. v. DeHaan, 391 P.2d 353 (Mont. 1964); Anderson v. Taylor, 347 P.2d 536 (Wash. 1959); Edward Edinger Co. v. Hildreth Memorial United Evangelical Church, 201 N.W. 569 (Iowa 1925).[2] In each of the cited cases, as in the case at hand, the materials were furnished under distinct transactions and under separate contracts, the first with the contractor and the second with the owner. Accordingly, the lien for each was deemed to be separate, and was required to be separately enforced. The separate contracts or transactions may not be tacked together so as to enlarge the time within which to file a lien for the materials supplied under the original contract. We approve that view.

Since the transactions in this case were between different

---

[2]The cases are collected at 78 A.L.R.2d 1165.

parties, the rationale of Peccole v. Luce & Goodfellow, 66 Nev. 360, 212 P.2d 718 (1949); Ferro v. Bargo Min. Co., 37 Nev. 139, 140 P. 527 (1914); Gaston v. Avansino, 39 Nev. 128, 154 P. 85 (1915); and Capron v. Strout, 11 Nev. 304 (1876), upon which the lienor relies, is inapposite.

Affirmed.

COLLINS, ZENOFF, and MOWBRAY, JJ., concur.

BATJER, J., dissenting:

I dissent. We cannot single out NRS 108.060 or NRS 108.-020(3), in deciding this case, but we must consider NRS 108.010 to 108.220 inclusive.

Although Peccole v. Luce & Goodfellow, 66 Nev. 360, 212 P.2d 718 (1949), was decided upon facts involving a single contractor, that case is not sufficiently different to be distinguished from the case at hand. Here the appellant is entitled to rely on the holding in that case.

In Peccole v. Luce & Goodfellow, supra, the court said: "As to the contention that the last items were trivia or items omitted or repairing defects or inferior workmanship, we find no evidence to sustain the latter two contentions. If they were part of or incident to a continuing contract or a contract as a whole, the contention of appellants cannot prevail. It appears that work and materials as indicated by Exhibits 'J,' 'K,' 'L,' and 'M' were furnished from time to time under a cost plus contract with Christie, as testified to by Allen Sharpe. There seems to have been no unreasonable, unnecessary or unjustified delay in furnishing work or materials under the understanding here, that same should continue until the varnishing and painting were done. It is a continuing contract with a sufficiently continuous compliance therewith. Under such conditions it would appear that the claimant could not have filed a lien claiming April 23 as date of completion or substantial compliance, unless the owner had given notice of completion under 3739, as amended, chap. 94, p. 133, Statutes 1941, providing in part: 'The owner may within ten days after the completion of any contract of *work of improvement* provided for in this act * * * file * * * notice * * *,' And, 'in case such notice be not so filed, then all persons claiming the benefit of this act, shall have ninety days after the completion of said work of improvement within which to file their claims of lien. The phrase "work of improvement" and the word "improvement" as used in this act are each hereby defined to mean the *entire structure or scheme of improvement as a whole.*' Even where done under separate contracts, if the work

is continuous the lien is preserved by giving notice within ninety days after the work is completed."

If the Peccole case had not been decided and the questions presented in this case were matters of first impression, we might be justified in reaching the position of the majority opinion.

I am not prepared to overrule Peccole v. Luce & Goodfellow, supra. The principal of "stare decises" which must be adhered to, is very well stated in 14 Am.Jur. 284, Courts § 60: "The rule 'stare decisis' has for its object the salutary effect of uniformity, certainty, and stability in the law. Stated in simple form and considered in relation to its effect upon private affairs, the doctrine is really nothing more than the application of the doctrine of estoppel to court decisions. It finds its support in the sound principle that when courts have announced, for the guidance and government of individuals and the public, certain controlling principles of law or have given a construction to statutes upon which individuals and the public have relied in making contracts, they ought not, after these principles have been promulgated and after these constructions have been published, to withdraw or overrule them, thereby disturbing contract rights that had been entered into and property rights that had been acquired upon the faith and credit that the principle announced or the construction adopted in the opinion was the law of the land."

In the case of Jensen v. Labor Council, 68 Nev. 269, 229 P.2d 908 (1951), this court quoted with approval from In re Burtt's Estate, 353 Pa. 217, 44 A.2d 670, 677, 162 A.L.R. 1053, 1062, "Otherwise the law would become the mere football of the successively changing personnel of the court, and 'the knowne certaintie of the law,' which Lord Coke so wisely said 'is the safetie of all,' would be utterly destroyed."

NRS 108.010 to 108.220 is binding on both owners and lien claimants. If an owner wishes to claim the advantage of an earlier termination date for the filing of liens because a contract has been prematurely terminated he must comply with NRS 108.090 and other appropriate statutes.

If the lien claimant has reason to believe that the entire structure or scheme of improvement, as a whole, is not completed, or that the material is required to complete the project and relying thereon continues to furnish material, the owner should be estopped to claim that the contract was completed or terminated at some prior date. Peccole v. Luce & Goodfellow, supra; Tonopah Lumber Co. v. Nevada Amusement Co., 30 Nev. 445, 97 P. 636 (1908).

The other points alleged by respondent to defeat appellant's lien are cured by the clear meaning and intent of NRS 108.100.[1] The judicial policy of this court has been to liberally construe the effect of the liens, pleadings and notices arising out of NRS 108.010 to NRS 108.220. We must always keep in mind that the purpose and object of these statutes is to secure payment to those who perform labor or furnish material to improve the property of the owner. Peccole v. Luce & Goodfellow, supra, Ferro v. Bargo Min. & Mill. Co., 37 Nev. 139, 140 P. 527 (1914).

This court in the case of Lamb v. Goldfield Lucky Boy Min. Co., 37 Nev. 9, 138 P. 902 (1914), said: "Hence, while there must be a substantial compliance with the essential requisites of the statute, such pleadings and notices as the law requires should be liberally construed in order that justice might be promoted and the desired object might be effected."

The appellant's lien was timely filed and the judgment of the lower court should be reversed and judgment entered for the appellant.

---

[1]NRS 108.100. "1. Upon the trial of any action or suit to foreclose such lien no variance between the lien and the proof shall defeat the lien or be deemed material unless the same shall result from fraud or be made intentionally, or shall have misled the adverse party to his prejudice, but in all cases of immaterial variance the claim of lien may be amended, by amendment duly recorded, to conform to the proof.

"2.   No error or mistake in the name of the owner or reputed owner contained in any claim of lien shall be held to defeat the lien, unless a correction of the lien in this particular shall prejudice the rights of an innocent bona fide purchaser or encumbrancer for value.

"3.   But upon the trial, if it shall appear that an error or mistake has been made in the name of the owner or reputed owner, or that the wrong person has been named as owner or reputed owner in any such claim of lien, the court shall order an amended claim of lien to be recorded with the recorder where the original claim was recorded, and shall issue to the person who is so made to appear to be the original or reputed owner a notice directing such person or persons to be and appear within the same time as is provided by Nevada Rules of Civil Procedure for the appearance in other actions after the service of summons, and the notice shall be served in all respects as a summons is required to be served before the court and to show cause why:

"(a) He should not be substituted in the claim of lien and in the suit in lieu of the person so made defendant and alleged to be owner or reputed owner by mistake.

"(b) He should not be bound by the judgment or decree of the court.

"Such proceedings shall be had therein as though the party so cited to appear had been an original party defendant in the action or suit, and originally named in the claim of lien as owner or reputed owner, and the rights of all parties shall thereupon be fully adjudicated."