PER CURIAM.
The defendant appeals a final judgment of foreclosure of a mechanic’s lien filed by the plaintiff Schneider-Richter & Associates, P.A., upon an architect’s lien. The plaintiffs have cross-assigned error alleging error in the amount of the judgment.
The single point presented on the appeal by the defendant is as follows:
“In a mechanic’s lien foreclosure suit may the lienor by his own oral testimony prove his compliance with the requirement of Florida Statute 713.08(5) that a claim of lien must be recorded no later than 90 days after the final furnishing of services, when the lienor’s documentary evidence contains no record of work done within the 90 day period and when the lienor’s documentary evidence shows that all charges by the lienor were billed to the owner more than 90 days before the lienor filed his claim of lien?”
This point does not present error because the trier of fact is the sole judge of the credibility and weight of the evidence. See Equitable Life Assurance Society of the United States v. Boraks, 276 So.2d 246 (Fla. 3d DCA 1973); and Benedict v. Dade County Realty, Inc., 274 So.2d 553 (Fla. 3d DCA 1973).
The point on cross-appeal also fails to present reversible error in that plaintiff’s claim for a lien for a second set of plans for a different building, which was not constructed, depends upon proof of agency of a contractor who authorized the preparation of the second set of plans. The court’s finding that no such agency existed was based upon conflicting testimony and, therefore, will not be reversed in this court. See Cook v. Cook, 305 So.2d 12 (Fla. 1st DCA 1974); and State v. Thomas, 212 So.2d 910 (Fla. 1st DCA 1968).
Affirmed.