A. P. ROSS ENTERPRISES, INC., ILLINI CONSTRUC-
TION, INC., JOSEPH T. MORETTI, RENATE CAITHAMER,
KEITH MARING, HERBERT CHAMPAGNE AND IRVING
ADAMS, INDIVIDUALLY, AND AS LIMITED PARTNERS OF HOT-
SPURS ASSOCIATES, A LIMITED PARTNERSHIP, ROBERT MAR-
SICO, ANDREW ANKA, DOUGLAS BUFFONE, STEPHEN
LOMBARDI, JR., AND MARTIN GUTILLA, INDIVIDUALLY AND
AS GENERAL PARTNERS OF HOTSPURS ASSOCIATES, HOT-
SPURS ASSOCIATES, A LIMITED PARTNERSHIP, CHAR-
LES J. LACRECO, DBA SUNSET CONSTRUCTION
COMPANY, AND HOTSPURS OF LAS VEGAS, INC.,
A CORPORATION, APPELLANTS, v. HYNDS PLUMBING &
HEATING COMPANY, RESPONDENT.

No. 12196

January 28, 1982                                          639 P.2d 526

[Rehearing denied May 27, 1982]

*Morse-Foley,* Las Vegas, for Appellants.

*Jones & Holt,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Hynds Plumbing & Heating Company, a plumbing subcontractor, recovered judgment against two general contractors and a number of property owners for certain labor and materials furnished to the property. Hynds was awarded a total of $33,980.35 for breach of contract and for the reasonable value of labor and materials furnished. The breach of contract award included compensation for lost profits and for prejudgment interest. In addition, the judgment established the existence of a mechanic's lien in favor of Hynds and included an award of attorneys' fees thereunder. The entire amount of damages was secured by the mechanic's lien.

## THE MECHANIC'S LIEN

Appellants first challenge the validity of the mechanic's lien since they claim that respondent did not follow appropriate procedure in perfecting the lien. We do not find it necessary to discuss the propriety of respondent's procedure in perfecting the lien since consideration of the issue was waived by appellants.

During discovery respondents requested documents and other information concerning the personal assets of the property owners. Appellants twice refused to produce the information on the ground that the mechanic's lien was responsible for any liability and that the lien was "not in dispute before this court." Appellants also submitted a pre-trial statement very similar to that submitted by respondent. Both parties indicated that the legal and factual issues in dispute concerned breach of contract and monies due respondent. It was not until trial that appellants attempted to challenge the validity of the lien. Although the court apparently admitted some evidence in this regard, it indicated that the issue was foreclosed by the pre-trial statements.

Appellants challenge the court's ruling on the grounds that their behavior did not constitute waiver and that even if they had waived the issue, justice mandated disregard of the pre-trial statements. We disagree with both contentions. A major objective of pre-trial procedure is to "eliminate secrets and surprises at trial. . . ." Crist v. Goody, 507 P.2d 478 (Colo.App. 1972). Under the facts of this case, the purpose of adhering to pre-trial procedure would have been thwarted had the court allowed introduction of a new issue. Respondent had been denied significant information in discovery on the premise that

the lien would not be challenged. Moreover, respondent was led to believe, on receiving appellants' pre-trial statement, that it would not be required to establish the procedures followed in effecting the lien. It would have been unfair at trial to force respondent to provide evidence on an entirely unexpected issue.[1]

It is true as appellants claim that the trial court may depart from its pre-trial order to prevent injustice. NRCP 16. Absent a "manifest abuse of discretion," however, the court's refusal to do so should be upheld. Tillotson v. Abbott, 472 P.2d 240, 244 (Kan. 1970). In the case before us, appellants were in no way prejudiced by an unfair pre-trial order.[2] Appellants had clearly specified their view of the contested matters and were in essential agreement with respondent. It would, however, have been unjust to depart from the pre-trial statements and force a major new issue upon the respondent. The court therefore properly ruled that the issue of the validity of the lien had been foreclosed.

### AWARD FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST

Appellants challenge the award for attorneys' fees and the award for prejudgment interest on the sole premise that the mechanic's lien was invalid. Appellants concede that NRS 108.237 authorizes the payment of attorneys' fees and prejudgment interest in actions on mechanic's liens. Since we have concluded that the court properly affirmed the existence of a

---

[1]Authority from other jurisdictions supports this conclusion. *See* United Bonding Ins. Co. v. Castle, 444 P.2d 454, 457 (Alas. 1968) (a bonding company's response to an interrogatory that it had furnished a bond precluded it from challenging the validity of the bond at trial); American Nat. Rent-a-Car, Inc. v. McNally, 445 P.2d 91, 95-96 (Ariz.App. 1968) (in the absence of a formal pre-trial order, parties may be bound by the record of the pre-trial conference); Batson v. Strehlow, 441 P.2d 101 (Cal. 1968) (pre-trial statement may be binding on the parties when the statements are adopted by the trial court and made part of the order).

[2]Appellants rely on cases which are not on point. *See* Plastino v. Mills, 236 F.2d 32 (9th Cir. 1956) (pre-trial order prepared by attorneys was so vague that trial court was not obliged to follow it); Fruehauf Trailer Div. v. Thronton, 366 N.E.2d 21 (Ind.App. 1977) (parties were released from pre-trial order since there was no record of a pre-trial conference and the order was not entered until the day of the trial); Pacific Indem. Co. v. Broward County, 465 F.2d 99 (5th Cir. 1972) (notice of claim issue was properly considered even though it was omitted from the pre-trial statement since the parties had raised the issue in an earlier pleading and in a motion to dismiss).

mechanic's lien, the award for both attorneys' fees and pre-judgment interest must stand.[3]

## BREACH OF CONTRACT

Appellants' claim that respondent failed to support its claim for breach of contract is without merit. There is ample evidence in the record for the court to have found in favor of the respondent. We therefore will not disturb the finding of the lower court. *See* In re Gordon, 40 Nev. 300, 161 P. 717 (1916).

## AWARD OF DAMAGES FOR LOST PROFITS

Appellants finally assert that the award for lost profits secured by a mechanic's lien is improper. We agree. The mechanic's lien statute merely contemplates reimbursement for materials and labor. That interpretation is consistent with the view that the statute was designed to "secure payment to those who perform labor or furnish material to improve the property of the owner." Vaughn Materials v. Meadowvale Homes, 84 Nev. 227, 232, 438 P.2d 822, 825 (1968) (BATJER, J., dissenting). Authority from other jurisdictions is in accord. *See* Lenslite Co. v. Zocher, 388 P.2d 421 (Ariz. 1964); Texas Bank and Trust Co. v. Campbell Bros., Inc., 569 S.W.2d 35 (Tex.Ct.App. 1978). Respondent cites no authority to the contrary.

Despite the court's order to secure the award for lost profits under the mechanic's lien, we find the error to be harmless. Respondent states, and appellants do not deny, that the verdict is presently secured by a supersedeas bond. Since the mechanic's lien is no longer implicated in the award, we see no harm to the appellants.

The judgment of the court is affirmed.

GUNDERSON, C. J., and MANOUKIAN and SPRINGER, JJ., and GRIFFIN, D. J.,[4] and McKIBBEN, D. J.,[5] concur.

---

[3]Even if the lien had not been properly established by the court, respondent would have been entitled to prejudgment interest under its contract action. *See* NRS 99.040; State Farm Mut. Auto. v. Christensen, 88 Nev. 160, 494 P.2d 552 (1972).

[4]The Governor designated Honorable Michael R. Griffin, District Judge of the First Judicial District, to sit in this case in place of THE HONORABLE JOHN MOWBRAY, who voluntarily recused himself. Nev. Const., art. 6, § 4.

[5]The Governor designated Honorable Howard D. McKibben, District Judge of the Ninth Judicial District, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 4.