Anthony C. MANGUSO,
Plaintiff–Appellee,

v.

AMERICAN SAVINGS AND LOAN AS-
SOCIATION, Defendant–Appellant.

No. 88CA0839.

Colorado Court of Appeals,
Div. I.

Oct. 5, 1989.

Wells, Love & Scoby, Craig N. Block-
wick, Boulder, for plaintiff-appellee.

Silver and Hayes, P.C., Marjorie J. Ett
and Jack Silver, Denver, for defendant-ap-
pellant.

Opinion by Judge JONES.

In this action to enforce a mechanic's
lien, defendant, American Savings and
Loan Association, appeals the judgment of
the trial court in favor of plaintiff, Anthony
C. Manguso. We affirm.

Seeking to buy the 208 individual condominium units and the clubhouse of the Sundance Condominium complex, J.R. Bivens and Associates (Bivens) entered into a Purchase and Sale Agreement with the owner, American Savings. At the closing, Bivens executed 209 separate deeds of trust in favor of American Savings in order to secure the purchase money promissory note. Bivens then hired an architect to do the architectural and design work, and oversee construction and management of the project.

When the model units were completed and Bivens was ready to commence sales, Bivens decided to convert the condominium project into a "hometel," for day-to-day rental of the individual units. The architect was charged with redesigning the project. He in turn hired Manguso, pursuant to an oral agreement.

Manguso was a consultant with a professed expertise in hometel marketing and design. He was to be paid a salary of $10,000 per month, plus expenses, for his services.

According to Manguso's testimony, and a letter presented at trial, his services to Bivens included:

1. Concept design;
2. Room design;
3. Planning and budgeting;
4. Marketing and sales; and
5. Coordination of internal and external audits.

For all of the foregoing work, plaintiff claimed a balance of $23,000. Accordingly, when he was not paid, he executed a lien statement claiming to be owed that amount for "labor and materials furnished."

Bivens defaulted on his purchase agreement obligations, and American Savings regained ownership and possession of the complex and thereby became the successor in interest to Bivens under the lien claim.

At the trial of his lien claim, Manguso, who had not presented a documentary apportionment as between the five categories of his work, testified that 85% of his work on the project was devoted to design, the lienable portion of the work. The court found that Manguso's lien was properly perfected, and that he was entitled to 85% of the amount claimed in the lien statement. Accordingly, it awarded him $19,-550.

## I.

American Savings first contends that the trial court erred in determining that Manguso had a valid lien for 85% of the amount claimed in his lien statement. We disagree.

■ The question whether work performed under the mechanics' lien statute is lienable is a question for the trier of fact, see *Midland Mortgage Co. v. Sanders England Investments*, 682 P.2d 748 (Okla. 1984), and under that statute, the trier of fact is the sole judge of the credibility and weight of the evidence. See *Finn v. Schneider–Richter & Associates*, 343 So.2d 646 (Fla.App.1977).

■ Here, Manguso testified that 85% of the amount claimed in the lien statement was for redesign work, and no evidence to the contrary was presented. Hence, the trial court's findings consonant with that testimony is binding on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

American Savings next contends that the trial court erred in finding that Manguso properly perfected his lien. We disagree.

Section 38–22–109(3), C.R.S. (1982 Repl. Vol. 16A) provides:

"In order to preserve any lien for work performed or materials furnished, there must be a notice of intent to file a lien statement served upon the owner or reputed owner of the property or his agent and the principal or prime contractor or his agent at least ten days before the time of filing the lien statement with the county clerk and recorder. Such notice of intent shall be served by personal service or by registered or certified mail, return receipt requested, addressed to the last known address of such persons, and an affidavit of such service or mailing at least ten days before filing of the

lien statement with the county clerk and recorder shall be filed for record with said statement and shall constitute proof of such service."

 Contrary to American Savings' assertion, § 38–22–109(3) does not require the lienor to serve the lien statement at least ten days after serving upon the owner of the property the notice of intent to file a lien. Instead, the statute requires that the notice of intent and the related affidavit of service must be served upon the owner of the property not less than ten days before filing the lien statement with the county clerk and recorder. Therefore, if ten or more days have elapsed between the date of service of the notice of intent and that of the filing of the lien statement itself, then the statutory requirements are satisfied.

Here, Manguso mailed the notice of intent to the owner and contractor on or about March 14. At the same time, and on the same document containing the notice of intent, Manguso mailed to the owner and contractor a copy of the statement of lien and accompanying affidavits. However, the statement of lien was filed with the county clerk and recorder, and recorded, on March 26, more than ten days after the mailing of the notice of intent. Thus, the trial court did not err in finding that the lien was properly perfected.

### III.

Alleging that Manguso violated § 38–22–128, C.R.S. (1982 Repl.Vol. 16A), American Savings finally contends that the trial court erred in denying its motion to amend judgment or for new trial. Again, we disagree.

Section 38–22–128 provides:

"Any person who files a lien under this article for an amount greater than is due without a reasonable possibility that said amount claimed is due and with the knowledge that said amount claimed is greater than that amount then due, and that fact is shown in any proceeding under this article, shall forfeit all rights to such lien plus such person shall be liable to the person against whom the lien was

filed in an amount equal to the costs and all attorney's fees."

Here, American Savings claimed no affirmative defense as to the lien claim being excessive. Nor did it make any affirmative showing that Manguso made the excessive lien claim knowingly and intentionally. *See Lowell Hardware Co. v. May,* 59 Colo. 475, 149 P. 831 (1915). Additionally, if, as here, nonlienable items can be separated from the lienable items at the time of trial, the lien will be valid. *See Lowell Hardware Co. v. May, supra;* 1A Krendl, *Colorado Methods of Practice,* § 908 (3rd ed.1988).

The judgment is affirmed.

PIERCE and NEY, JJ., concur.