**UNITED FLOOR COMPANY, a Colorado corporation, Plaintiff–Appellant,**

v.

**Jay S. EIGEL, First Federal Savings and Loan Association of Estherville and Emmetsburg, Defendants–Appellees,**

and

**Rampart Electric, Inc., and Centennial Construction & Land Development Company, Intervenors–Appellants.**

No. 89CA1028.

Colorado Court of Appeals, Div. III.

Oct. 25, 1990.

Rehearing Denied Dec. 6, 1990.

Certiorari Denied March 25, 1991.

Robert Mason, Colorado Springs, for plaintiff-appellant.

Alpern, Johnson, Myers, Stuart and Finlayson, Howard J. Alpern, Edward S. Johnson, Colorado Springs, for defendants-appellees.

Anderson, Johnson & Gianunzio, William Kelly Dude, Colorado Springs, Stephen J. Sletta, Colorado Springs, for intervenors-appellants.

Opinion by Judge NEY.

Plaintiff, United Floor Company, and intervenors, Centennial Construction & Land Development Company and Rampart Electric, Inc., appeal the summary judgment entered in favor of defendants, First Federal Savings and Loan Association of Esther-

ville and Emmetsburg and Jay Eigel. We reverse.

Centennial was general contractor for improvements constructed on property owned by Eigel, and United and Rampart supplied labor and/or materials for those improvements. First Federal held a deed of trust encumbering the property owned by Eigel.

Centennial, United, and Rampart each served upon the property owner, by certified mail, return receipt requested, a notice of intent to file a lien statement, and United and Rampart served copies on Centennial as general contractor, pursuant to § 38–22–109(3), C.R.S. (1982 Repl.Vol. 16A). That statute states:

"In order to preserve any lien for work performed or materials furnished, there must be a notice of intent to file a lien statement served upon the owner ... and prime contractor ... at least ten days before time of filing the lien statement with the county clerk and recorder. Such notice of intent shall be served by personal service or by registered or certified mail, return receipt requested, addressed to the last known address of such persons, and an affidavit of such service or mailing at least ten days before filing of the lien statement with the county clerk and recorder shall be filed for record with said statement and shall constitute proof of such service."

Each of the lien claimants filed with the county clerk more than ten days after mailing the notice of intent to file an affidavit showing the mailing of the notice of intent to lien.

In response to plaintiff's action on the liens, First Federal moved for summary judgment, asserting that the lien statements were invalid as a matter of law because the affidavits of service accompanying the lien statements swore to a future fact and were, thus, false when made. The trial court granted the motion, and United, Centennial, and Rampart contend that it erred in doing so. We agree.

In each case, the notice of intent to file lien, the statement of lien, and the affidavit were executed on the same date. Each affidavit stated that the notice of intent to file had been mailed at least ten days prior to the filing with the county clerk.

It is undisputed that the affidavit in each case was executed before the ten-day period had elapsed. The actual filing with the clerk, however, was in compliance with § 38–22–109(3), C.R.S. (1982 Repl.Vol. 16A), and did not occur until at least ten days had elapsed following the certified mailing to the property owner.

Relying on *Everitt Lumber Co. v. Prudential Insurance Co.*, 660 P.2d 925 (Colo. App.1983), and *Rice v. Carmichael*, 4 Colo. App. 84, 34 P. 1010 (1893), First Federal asserts that an affidavit which erroneously certifies that a filing has been made prior to the affidavit, when in fact the actual filing is made in accordance with statutory requirements, contains a discrepancy which invalidates the lien it supports. However, in both the *Everitt* and *Carmichael* cases, a specific requirement of the statute was not met, and they are thus distinguishable.

In contrast, here, the lien claimants did comply with all statutory requirements.

The statute does not require informing the owner or contractor that the lien will not be filed for ten days. Rather, it requires that the owner or contractor be informed a lien will be filed, but the prospective lienor is required to wait ten days before actually filing the lien. The affidavit attests that notification of intent in fact took place and can prove a timely filing.

Therefore, if the property owner and prime contractor are notified of an intent to file a mechanic's lien ten days before the actual filing of the lien occurs, the purpose of the statute is served.

There is no contention that the owner and prime contractor did not receive notification at least ten days prior to filing of the liens. No notification was due to First Federal. Hence, the plaintiff substantially complied with the statute, and the purpose of the statute was fulfilled. *See Tighe v. Kenyon*, 681 P.2d 547 (Colo.App.1984).

Moreover, this court has recently found a lien to be properly perfected when the notice of intent and the actual lien statement

were mailed to the owner at the same time, but ten or more days then elapsed before the lien was actually filed with the clerk. In so doing, we stated: "[I]f ten or more days have elapsed between the date of service of the notice of intent and that of the filing of the lien statement itself, then the statutory requirements are satisfied." *Manguso v. American Savings & Loan Ass'n,* 782 P.2d 866 (Colo.App.1989).

Accordingly, we hold that a mechanic's lien statement with accompanying affidavit of service is perfected if it has actually been filed not less than ten days following proper service of notice of intent to file that lien statement.

The summary judgment of the trial court dismissing plaintiffs' claims based upon their mechanics' liens is reversed, and the cause is remanded for further proceedings.

TURSI and DUBOFSKY, JJ., concur.