| 8 | 219 |
| 33 | 584 |
| 8 | 219 |
| 41 | 418 |

FRANK C. MILLER, PLAINTIFF IN ERROR, v. THE PRESIDENT, MANAGERS, AND COMPANY OF THE BURLINGTON & MISSOURI RIVER RAILROAD IN NEBRASKA, DEFENDANTS IN ERROR.

**Corporations.** A corporation is liable the same as a natural person for the tortious acts of its servants or agents in the course of their employment. But to make a corporation liable for such acts they must be committed in the course of the agent's employment, or connected with the transaction of the business of the corporation.

ERROR from the district court for Fillmore county. The opinion states the case.

*W. P. Conner*, for plaintiff in error, cited *N. Y. &
N. H. R. R. R. Co. v. Schuyler*, 34 N. Y., 30.    *Phil. &
Balt. R. R. Co. v. Quigley*, 21 How., 209.    *Frankfort
Bank v. Johnson*, 24 Me., 490.    *Thayer v. Boston*, 19
Pick., 511.    *Goodspeed v. East Haddam Bank*, 22 Conn.,
541.    *Moore v. Fitchburg R. R.*, 5 Gray, Mass., 465.
*Maynard v. Fireman's Fund Ins. Co.*, 34 Cal., 48.    *Cole-
man v. N. Y. & N. H. R. R. Co.*, 106 Mass., 160.    *Penn.
R. R. Co. v. Vandiver*, 42 Penn. St., 365.    *Kline v. Cent.
Pac. R. R. Co.*, 39 Cal., 587.    *Vance v. Erie R. R. Co.*,
3 Vroom, 330, 334.    *Merrill v. Tauff Manufacturing Co.*,
10 Conn., 384.    *Jeffersonville R. R. Co. v. Rogers*, 28
Ind., 1.    *Gillett v. Mo. Valley R. R. Co.*, 55 Mo., 315.
Corporations are liable for every wrong of which they
are guilty, and in such cases the doctrine of *ultra vires*
has no application.    *Merchants Bank v. State Bank*, 10
Wall., 604.    *Booth v. Farmers and Mechanics Bank*, 50
N. Y., 396.    *Indianapolis & C. R. W. Co. v. Anthony*,
43 Ind., 183.    *Jeffersonville R. R. Co. v. Rogers*, 38 Ind.,
116.    It is a general doctrine of law that the principal
is held liable to third persons in a civil suit for the
frauds, torts, negligence, &c., of his agent in the course
of his employment, although the principal did *not* au-
thorize or justify said acts.    In all such cases the rule
*respondeat superior* applies.    *The Atlantic & Great West-
ern R. W. Co. v. Dunn*, 19 Ohio St., 162.    *Little Miama
R. R. Co. v. Welmore*, 19 Ohio St., 110.

*T. M. Marquett*, for defendant in error.

*First.*    A corporation acts alone through its agents.
The meaning of the petition therefore is, that the
company authorized Nat Brown *to make* the informa-
tion upon which plaintiff was arrested.    The act was
not and could not be done in the course of the busi-
ness of the company.    1st, The servant cannot be au-

thorized by the master to do that which the master himself, being present, would not be authorized to do. *Mail v. Lord,* 39 N. Y., 381. *Gillett v. Mo. Valley R. R. Co.,* 55 Mo., 315. 2nd, Neither a person nor a corporation can authorize another person to make the oath or information necessary to the arrest of a person on the charge of committing a crime. 3rd, The board of directors is the active body who alone can act for the company, and while it may be claimed that while acting for the company they may be guilty of slander, yet they have no power to procure a false affidavit to be made, in order to have a person arrested.

*Second.* The stockholders of a corporation only constitute their directors and other officers their agents in their corporate capacity, to bind them in such matters as come within the powers granted by their charter. *Gillett v. Mo. Valley R. R. Co.,* 55 Mo., 324. 2 Hilliard on Torts, 391, 343. *Eastern R. R. Co. v. Broom,* 6 Railway Cases, 361. And this is in accordance with the principle universally adopted by text writers, and by judicial decisions, to-wit: To make the master liable for the malicious act of a servant, it must be done by the servant in the course of his employment. *Clark v. C. & N. W. R. R. Co.,* 36 Wis., 657. *Ramsden v. B. & A. R. R. Co.,* 104 Mass., 117. *Passenger R. R. Co. v. Young,* 21 Ohio St., 518.

MAXWELL, CH. J.

The petition alleges that "the defendant, on the tenth day of December, 1874, did, by one Nat. Brown, the then lawfully constituted and legally authorized agent of this defendant, acting with the assent and knowledge and under and in accordance with the instructions of this defendant, go before one B. F. Smith, he, the said B. F. Smith, being then a probate judge in

and for the county of Adams, in the state of Nebraska, and then and there before the said B. F. Smith, probate judge as aforesaid, falsely and maliciously, and without any reasonable or probable cause whatever, charged the said plaintiff with the crime of burglary, in the manner and words following, to-wit:

"State of Nebraska, county of Adams. The complaint and information of N. Brown, of said county, made before me, Benjamin F. Smith, probate judge in and for said county, on the 10th day of December, 1874, who, being first duly sworn, on oath says: that the crime of burglary has been committed in the county of Adams, and that Darius Monroe, Jr., and F. C. Miller committed the same, as he verily believes.

"(Signed)                                    "N. BROWN.

"Subscribed and sworn to before me this 10th day of December, 1874.        B. F. SMITH, *Probate Judge.*"

The petition also alleges that upon this information being filed, the probate judge issued a warrant under which the plaintiff was arrested and taken before the probate judge for examination, and in default of bail was committed to jail to await the action of the grand jury. The petition also alleges that the defendant, "contriving and maliciously intending to injure the plaintiff in his good name and credit, and to bring him into public scandal and disgrace, and to cause it to be believed that this plaintiff had been guilty of the crime of burglary, did, at the regular term of the district court, held in the county of Adams, and state of Nebraska, on the third Monday in the month of May, 1875, go before the grand jury of said county, then and there duly impaneled and sworn to enquire of crimes within and for said county of Adams, and then and there wrongfully and unjustly, falsely and maliciously, and without any reasonable or probable cause whatever therefor, prosecute and cause to be prosecuted

the said plaintiff before said grand jury, for the purpose of procuring an indictment against the said plaintiff for the crime of burglary, and caused plaintiff to be brought before the said regular term of the district court as aforesaid."

It is also alleged that the grand jury refused to find a bill of indictment, the plaintiff being discharged, and that the prosecution had terminated. The plaintiff claims damages in the sum of $25,000. The defendant demurred to the petition on the ground that the facts stated therein did not constitute a cause of action. The demurrer was sustained, and the cause dismissed. The plaintiff brings the cause into this court by petition in error.

A corporation is liable the same as a natural person, for the tortious acts of its servants or agents, in the course of their employment. But to make the corporation liable for the tortious acts of its employees, done in obedience to the commands of its officers, the act must be connected with the transaction of the business for which the company was incorporated. The officers themselves are mere agents of the corporation, and their powers are necessarily limited within the scope of the purposes of the corporation. The stockholders, however, by electing officers, assume the risk of the faithful or unfaithful management of the corporation, and cases may arise when, if one of two innocent persons is to suffer, the one who has created the power and selected the persons to enforce it must sustain the loss; but that principle can have no application in this case. But when an injury is committed by an employee of a corporation wilfully, and of his own malice, and not in the course of his employment, the corporation is not bound by his acts. And the same rule applies to the officers of a corporation in that regard as to its other agents. *Goodspeed v. The East Haddam*

*Bank,* 22 Conn., 541. *Brokaw v. N. J. B. & Co.,* 3 Vroom, 331. *Gillett v. Mo. Valley R. R. Co.,* 55 Mo., 315.

The petition in this case entirely fails to state that the parties charged were acting within the scope of their employment, or that the offense charged was committed in connection with the transaction of the business of the corporation. The demurrer was therefore properly sustained. The judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.