THE UNITED STATES, Plaintiff, *v.* JASON W. MYERS and Another, Defendants.

THE UNITED STATES, Plaintiff, *v.* VIRGIL VAN PATTEN, Defendant.

Supreme Court, Schoharie County, August 17, 1925.

Intoxicating liquors — application to modify provisions of temporary injunctions granted under National Prohibition Act, § 22 (41 U. S. Stat. at Large, 307, chap. 85, tit. 2), to abate nuisances caused by sale of intoxicating liquors in violation of said statute — said orders closed " bar, barroom and the rooms adjoining the same and the entrance thereto " until conclusion of trial of action — National Prohibition Act, § 22, provides for issuance of injunction order restraining removal or interference with liquor or fixtures, or " other things " used in connection with violation of act — rooms in premises opening into bar for purpose of having access thereto within meaning of phrase " other things " in said statute — orders modified so as to close rooms opening behind bar.

Rooms on premises opening upon a barroom containing a bar or counter, with a bartender on one side the bar and the patrons on the other, where liquor is dispensed, and used as a means of access to the rear of the bar, are within the meaning of the phrase " other things," as used in section 22 of the National

Prohibition Act (41 U. S. Stat. at Large, 307, chap. 85, tit. 2), providing for the issuance of an injunction order restraining the removal of or interference with " the liquors, fixtures or other things " used in connection with the violation of this act.

Accordingly, a clause in temporary injunction orders granted pursuant to section 22 of the National Prohibition Act to abate nuisances caused by the sale of intoxicating liquors in violation of said section, closing the " bar, barroom and the rooms adjoining the same and the entrance thereto " until the trial of the action, should be modified so as to close the said " bar, barroom and the rooms adjoining the same which are so arranged as to open behind said bar," and as so modified to stand as originally signed.

MOTIONS to modify temporary injunctions enjoining defendants from conducting bar for sale of liquor on premises, in violation of the National Prohibition Act.

*Alberti Baker, District Attorney,* for the plaintiff.

*Henry F. Toohey,* for the defendants.

NICHOLS, J.:

Temporary injunctions under the provisions of the National Prohibition Act were granted in each case without notice to the defendants, and the defendants have applied without notice, under the provisions of section 897 of the Civil Practice Act to modify said injunction orders.

Each of these actions were brought in the Supreme Court of the State of New York by the district attorney of the county of Schoharie to procure injunction orders to abate nuisances caused by the sale of intoxicating liquors in violation of section 22 of the National Prohibition Act.

The injunction order in each case contains three clauses, by the first of which the defendants are enjoined from conducting or carrying on said nuisances or the continuance of the same; and by the second of which they are restrained from removing or interfering with the liquors, fixtures or " other things " used in the violation of said law or act constituting said nuisance; and the third of which provides that the bar, barroom and the rooms adjoining the same and the entrance thereto be closed until the close of the trial of this action, and until that time there shall be a notice to the entrance to said barroom, a notice sufficiently plain to be read from the street, as follows: " Closed by order of Charles E. Nichols, Justice Supreme Court."

It is the 3d clause of said injunction orders which the defendants ask to have modified, by striking from said order the said clause entirely.

Section 22 of the National Prohibition Act (41 U. S. Stat. at Large, 314, chap. 85, tit. 2) contains, among other things, two

clauses, the 1st of which clauses referred to, reads as follows: " If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial; " and the 2d clause referred to reads as follows: " If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this Act constituting such nuisance." Whether the 3d clause of the injunction is to stand depends upon the construction of the words " other things " in the act. The 1st clause of the act provides for the abatement of the nuisance until the conclusion of the trial; and the 2d clause furnishes greater security in abating said nuisance, permitting, not requiring, the court to enjoin the defendant and all other persons from removing or in anyway interfering with the " liquor or fixtures or other things " used in connection with the violation of this act constituting said nuisance. By the 2d clause of said act above quoted, there are three things which the defendant may be restrained from removing or in any way interfering with, viz., the " liquor or fixtures or other things; " and it is the " other things " and what the words " other things " mean which the 3d clause of the injunction order enjoins the defendant and other persons from " interfering " with.

In places where intoxicating liquors are sold there is usually a room called a barroom containing a bar or counter with a bartender on one side the bar and the patrons on the other where the liquor is dispensed. It is manifest that the bar is a fixture used in connection with the violation; so that the words " other things " in the act must include the room or rooms used in connection with and in carrying on the business; and this would include any room opening into the bar for the purpose of obtaining access to the bar by the bartender and so arranged that the patrons are to be kept in front of the bar and not have access to the rear of the bar. And the only way in which the defendants and " all persons " could be kept from interfering with said rooms, would be by excluding them therefrom which is what these injunction orders do in these cases. The bar being a fixture, the public could not be kept from interfering with it so as to avoid touching or using it except by being excluded from the rooms, which these injunction orders do.

The case of *Matter of Love* (205 App. Div. 363) was a proceeding for an order enjoining the maintenance of a common nuisance under the provisions of section 1214-g of the Penal Law (as added by

Laws of 1921, chap. 155; repealed by Laws of 1923, chap. 871) which reads in part as follows: " No person shall maintain any room, house, building, boat, vehicle, structure or place where intoxicating liquor is manufactured, sold, given away, kept or bartered in violation of this article, and all intoxicating liquor and property kept and used in maintaining the same is hereby declared to be a common nuisance." The Appellate Division of the Fourth Department, in construing this section, says: " The question rests in the interpretation that is to be given to the words ' property kept and used in maintaining the same.' The appellant contends that this is to be limited to the bottles, glasses, boxes and articles immediately connected with the manufacturing, keeping, serving and sale of the liquor and not to the structure or building itself. The appellant's construction is too narrow," holding that it included the building or structure which is thus maintained, as well as its contents.

The 3d clause of the injunction orders herein, however, should be modified as follows: In the *Myers* case, to state: " Further ordered, that the said bar, barroom and the rooms adjoining the same which are so arranged as to open behind said bar," and the balance of said 3d clause to stand as the order was originally signed.

In the *Van Patten* case, the 3d clause should be modified as follows: " Further ordered, that the said bar, barroom and the rooms adjoining the same, except the dining room and the entrance thereto, be closed until the conclusion of the trial of this action " should be modified so as to provide as follows: " Further ordered that the said bar, barroom and rooms so arranged as to open behind said bar, except the dining room, be closed until the conclusion of the trial of this action," the balance of the 3d clause of said order to stand as originally signed.