## ZASUCHA *v.* ALLEN

No. 3115

December 5, 1935.                    51 P. (2d) 1029.

*Albert A. Hinman,* for Appellant:

*H. N. Gambill* and *Harry H. Austin,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

Plaintiff brought this action for the purpose of foreclosing a lien for labor performed and materials furnished in repairing and altering a building. The trial resulted in a judgment for plaintiff in the sum of $467.50, the amount prayed for, with costs, and foreclosure of the lien upon the premises and buildings described in the complaint. Defendant has appealed from the judgment and order denying her motion for a new trial.

The complaint alleges that the defendant is the owner of the building and premises to be charged with the lien, and a contract of employment of plaintiff by defendant, through her agents and employees, for labor and materials for the repair, alteration, and construction of said building duly performed and furnished. A copy of plaintiff's lien claim containing a statement of his demand is alleged to have been duly filed and recorded, and is attached to and made a part of the complaint. In said copy it is stated that the owners and reputed owners of said real property and

improvements thereon are Waleryia Virginia Zasucha and Roland H. Wiley. The answer admits the allegations of ownership of the building and premises, and denies most of the other allegations.

For a second defense it is alleged in the answer: "That there is a defect of parties in the omission of Roland H. Wiley, as a party defendant in this action, as a coowner of the real property described in the complaint."

When plaintiff closed its case defendant moved for a nonsuit on certain grounds, among which were (1) failure to establish agency, and the contract relied upon, and (4) defect of parties. The motion was denied; whereupon, over the objection of defendant, the trial court permitted plaintiff to reopen his case and introduce further evidence. This is assigned as error. It is within the discretion of the trial court whether a plaintiff will be permitted to reopen his case and introduce additional evidence. If such discretion is not abused, there is no error. McLeod v. Lee, 17 Nev. 103, 28 P. 124; Sweeney v. Hjul, 23 Nev. 409, 48 P. 1036, 49 P. 169. The evidence introduced on the reopening of the case consisted largely of a more detailed account by plaintiff of the performance of the contract. This was permissible. In addition, Roland H. Wiley was sworn and testified that he did not then or at the commencement of the action claim any interest in the property described in the complaint; that he at one time had an option to purchase the property described. Wiley's testimony was not improper, especially in view of defendant's motion for a nonsuit on the ground of defect of parties.

It appears that plaintiff was acting in good faith in reopening his case, and we are of the opinion that there was no abuse of discretion.

Findings Nos. 1 to 8, inclusive, are attacked by defendant as having no support in the evidence. The first finding is as follows: "That defendant on the 21st day of January, 1934, and at all times has been and still is the sole owner of the real property described

in the complaint." There is ample evidence to sustain this finding. Defendant, who was called as a witness by plaintiff, testified that she was the owner of the property. As previously stated, Wiley testified that he had no interest in it, and it nowhere appears that anyone else had or claimed an interest. On the contrary, counsel for defendant, in his question to her, assumed that she was the owner. His contention that there is no evidence to sustain that finding is highly technical. If we understand him aright, he claims, that as it was stated in the copy of the lien, attached to and made a part of the complaint, defendant and Roland H. Wiley were the owners and reputed owners, and as the answer did not deny this, it became an admitted fact. Therefore, evidence to show that defendant was the sole owner was beside the issue, and his second defense, of the defect of parties, should have been sustained. Defendant was not entitled to insist upon the second defense. It was waived when she did not demur to the complaint on that ground, because the defect appeared on the face of the complaint. Sections 8600, 8601 N. C. L. It thus appeared because the copy of the lien, in which it was stated that defendant and Roland Wiley were the owners and reputed owners, was made a part of the complaint, and became as much a part thereof as though it had been, in hæc verba, incorporated into the body of the pleading. Meer v. Cerati, 53 Cal. App. 497, 200 P. 501; Jarvis-Conklin Mortgage Trust Co. v. Sutton, 46 Kans. 166, 26 P. 406.

The court could have found from the pleadings that defendant was the sole owner. The allegation in the complaint, that she "is now and was at all times hereinafter mentioned the owner of the following described property," is equivalent to an allegation that she was the owner in fee simple. Garwood v. Hastings, 38 Cal. 216. This was admitted by the answer. Evidence on this point, however, was admissible, if for no other purpose, to show that the recital in the copy of the lien attached, that Roland H. Wiley was an owner, was a mistake.

■ A lien claim naming the true owner or owners is not rendered invalid by the fact that it also names as owner another person who has no interest in the property. 40 C. J. p. 230; McClain v. Hutton, 131 Cal. 132, 61 P. 273, 63 P. 182, 622; N. C. L. sec. 3739. How defendant could have been prejudiced by the action of the court in permitting plaintiff to reopen his case and introduce additional evidence, or in making the above finding, is not discernible.

■ The second finding, which reads, "that the defendant employed the plaintiff to repair said building at the agreed price of $467.50, to be paid upon the completion of the work," is supported by the evidence. It shows that one Lailla Stanley, employed by Golden West Oil & Refining Company, lessee of the property, was authorized by defendant to procure bids for repairing the damage done by fire. The following is a copy of the bid received by her from plaintiff, and accepted:

"January 21, 1934.

"I agree to furnish all labor and material for repairing service station at 10th & Fremont Streets, damaged by fire, including Kalsoming five rooms, painting five room two coats, and painting outside of building two coats; repairing roof, but not painting it, all for the sum of Four Hundred sixty two and 50/100 ($462.50).

"I will also paint roof of canopy for additional $5.00, you to furnish paint for this part of painting only.

"(Signed) E. A. Allen.

"Accepted: Golden West Oil & Refining Co.,

"By Lailla Stanley."

The bid was signed by plaintiff, and the evidence tends to show that it was approved by defendant. The court was justified in finding that this bid became the contract of the parties.

The evidence is adequate to support the third finding, "that the plaintiff performed the work and furnished the materials pursuant to the alleged contract," and the

others objected to. We consider it unnecessary to further review the evidence.

There is no merit in the other assignment of errors.

The judgment and order denying a new trial are affirmed.

ON PETITION FOR REHEARING

February 6, 1936.

*Per Curiam:*

Rehearing denied.