## NELLIS *v.* JOHNSON ET AL.

No. 3129

February 4, 1936.                    53 P. (2d) 1192.

*T. A. Wells* and *Louis Cohen,* for Appellants,

*J. R. Lewis,* for Respondent.

## OPINION

By the Court, COLEMAN, J.:

Respondent has moved the court to remand the bill of exceptions to the trial court for amendment and correction.

It is the contention of respondent, supported by affidavit, that the testimony of three certain witnesses, as set forth in the bill of exceptions, is contrary to the testimony of each of said witnesses given upon the trial; that the testimony of two other witnesses as set forth in the bill of exceptions is incomplete and does not set forth the true facts as testified to by the witnesses.

In support of the motion, counsel for the respondent has filed an affidavit wherein it is stated that on the

12th of July 1935, counsel for appellant left in his office his proposed bill of exceptions; that at that time affiant was absent from Las Vegas, Nevada, where his office is maintained, and did not return until after the time had elapsed in which to file objections to the allowance and settlement of the bill of exceptions, or to suggest amendments thereto. It is further stated in said affidavit that the trial judge was of the opinion that he was without authority to change or correct said proposed bill of exceptions, in view of the fact that no objections were made or amendments proposed by respondent to said proposed bill of exceptions, and that it was his duty to sign said bill of exceptions as proposed.

No counter affidavit was filed by appellant.

Whether the application, if granted, would result in an amendment and correction of the bill of exceptions, or a new bill of exceptions, should the trial court conform to the views of respondent, we need not determine.

Section 36, chapter 90 of Statutes of 1935, provides: "If a party shall omit or fail to serve and file his bill of exceptions within the time limited he shall be deemed to have waived his right thereto, and if a party shall omit to make objections as required to such bill of exceptions within the time limited he shall be deemed to have waived his right thereto."

This section is clear, and, as we view it, no discretion is vested in the court. Having failed to make objections to the bill of exceptions as served, though as a result of the absence of respondent's attorney, respondent must be held to have waived all objections thereto, and to be foreclosed from objecting to it thereafter. Sutherland v. Round et al. (C. C. A.), 57 F. 467.

The motion is denied.

## ON THE MERITS

May 1, 1936.                                    57 P. (2d) 392.

20

*T. A. Wells* and *Louis Cohen,* for Appellant:

*J. R. Lewis,* for Respondents:

22

## OPINION

By the Court, COLEMAN, J.:

This is an appeal from a judgment and decree foreclosing lien claims, and from an order denying a motion for a new trial.

■■ The first point made is that the lien claims were not filed for record within the time prescribed by law. The suit is to foreclose three lien claims for work and labor performed upon mining claims. The lien claims show that each claimant ceased to work not later than November 4, 1933, and that each lien claim was filed January 6, 1934.

Section 3739 N. C. L. relative to the filing of lien claims reads:

"Every person claiming the benefit of this chapter shall, not earlier than ten days after the completion of his contract, or the delivery of material by him, or the performance of his labor, as the case may be, and in the case of every subcontractor not later than fifty days; in the case of every original contractor, not later than sixty days, and in the case of every person furnishing materials not later than ninety days, after such completion of his contract or the delivery of material or performance of labor by him, file for record with the county recorder of the county where the property or some part thereof is situated, a claim."

Appellant asserts that labor lien claimants must file their claim for record not later than fifty days after performing their labor, contending that the amendment of 1917 (Stats. 1917, chap. 41), which limits the time for the filing of labor claims to fifty days, controls.

In 1925 the section just referred to was again amended (Stats. 1925, chap. 169), the act reading that the section in question "is hereby amended so as to read as follows," the amendment being section 3739 N. C. L., above quoted.

We held in City of Reno v. Stoddard, 40 Nev. 537, 167 P. 317, that an amending act which provides that the previous act "is hereby amended so as to read as follows," operates to repeal any provision of the amended act which is not embraced in the amending act. Such is unquestionably the correct rule. Continental Supply Co. v. White, 92 Mont. 254, 12 P. (2d) 569; 36 Cyc. 1083.

It is also contended that if the act of 1925 controls, the only persons who are entitled to ninety days in which to file lien claims are those furnishing materials.

That the legislature of the state has been solicitous of the welfare of the laborer, so far as protecting his claim for services is concerned, cannot be doubted. The lien law not only gives him a right to a lien, but gives him a preferred lien of the first rank (section 3745 N. C. L.) ; but, unfortunately, the amendatory act of 1925, relative to the time within which such a lien claim may be filed, is not as clear as it should be. It is evident, however, that it does not contemplate the filing of a lien claim for labor within fifty days after the completion of the labor. The lien law is clear as to certain things; and where it is uncertain it must receive a liberal construction. Skyrme v. Occidental M. & M. Co., 8 Neb. 219, 221. And, as said in Maynard v. Johnson (on rehearing), 2 Nev. 25, at page 33:

"Where the words of a statute are obscure or doubtful, the intention of the legislature is to be resorted to in order to discover their meaning. A thing within the

intention is as much within the statute as if it were within the letter; and a thing within the letter is not within the statute if contrary to the intention of it."

In State v. Ross, 20 Nev. 61, 14 P. 827, it was held, in construing a statute, that the intent will prevail over the literal sense. To the same effect, State ex rel. v. Sixth Judicial District Court, 53 Nev. 343, 1 P. (2d) 105.

From a reading of the first part of the section, down to the semicolon, it will indisputedly appear that it contemplates that persons who may claim a benefit under the lien act are classified either as contractor, subcontractor, materialman, or laborer. This much is certain. It is furthermore clear from that portion of the section that neither can file a lien claim within a stated time, but that a subcontractor must file his claim not later than fifty days from the completion of his contract. Under the act amended (1917 act), all claimants had to file their claims within fifty days; but under the amendment of 1925, it is clear that the original contractor has sixty days within which to file, and the materialmen have ninety days. It seems the sole purpose of the amendment of 1925 was to give certain claimants longer time within which to file than was given by the 1917 act. Since it is clear the amendment of 1925 contemplates the filing of claims for labor, the most logical and reasonable construction of the section is that such claimants have ninety days, in view of the fact that the words "or performance of labor" come after the statement of the ninety-day limitation. It is clear it is not contemplated labor claimants must file within fifty or sixty days, and the only other period mentioned within which a claim may be filed being ninety days, we can reach no other conclusion than that it was the intention of the legislature that labor claims may be filed within ninety days.

■■ It appears from the record that at the time the work in question was done the defendant Johnson owned the Eureka No. 1, Eureka No. 2, and Eureka No. 3, the Spokane No. 1, Spokane No. 2, and Spokane No. 3 lode

mining claims, and that the two sets of claims were located not far distant from each other. Claimants filed their lien claims against the Eureka group. Upon the trial defendant offered evidence showing that the work performed by the plaintiffs was upon certain claims of the Spokane group. Thereupon the plaintiff moved to amend his claim of lien so as to cover the Spokane claims. The court made an order granting the motion, over the objection of defendant. This ruling is assigned as error.

Section 3739 N. C. L. reads in part:

"Upon the trial of any action or suit to foreclose such lien no variance between the lien and the proof shall defeat the lien or be deemed material unless the same shall result from fraud or be made intentionally, or shall have misled the adverse party to his prejudice, but in all cases of immaterial variance the claim of lien may be amended, by amendment duly recorded, to conform to the proof."

This provision is very broad, and there are no facts or circumstances in the record tending to show that the variance resulted from fraud, or was intentional, or that the defendant was misled to his prejudice. This provision relative to amending a lien claim was first incorporated in our lien act in 1911 (Stats. 1911, chap. 160), but notwithstanding this fact, this court, in the case of Riverside Fixture Co. v. Quigley, 35 Nev. 17, 126 P. 545, in which the rights of claimant evidently accrued prior to the 1911 amendment, held that where the rights of third parties had not intervened, an amendment would be allowed. In that case the court reviewed the authorities at some length. In the instant case there is statutory authority for the allowance of an amendment to conform to the proof. Courts have wide discretion in such matters. In this connection, it is contended by appellant that the motion to amend was not to conform to the proof. This contention seems well founded.

◼ After the order allowing the amendment of the lien claims in this case, and before judgment, T. A.

Wells filed a sworn petition reciting that prior to the filing of the original lien claims in question he became the bona fide purchaser, for value, of an undivided half interest of the Spokane claims, from defendant Johnson, and asked to be made a party defendant to the action. This application was denied. This ruling is also assigned as error.

Section 8556 N. C. L. reads:

"Any person may be made a defendant, who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

This court in Robinson v. Kind, 23 Nev. 330, 47 P. 1, 977, held that where a party has a direct interest in the subject matter of the suit, he is a necessary party.

It appears from the incontradicted evidence in the record that the defendant Johnson, prior to the filing of the lien claims in question, for a valuable consideration, conveyed an undivided half interest in the Spokane claims to Wells. From this it appears that Wells has a direct interest in the subject matter of the suit. We think the court committed reversible error, for which the judgment and order should be reversed.

It is not contended on this appeal that the half interest retained by Johnson is not subject to a lien claim simply because of the conveyance of an interest.

It is said in the brief of appellant that lien claimants have not attempted to file lien claims against the mill, and do not allege that they worked in the mill. We do not quite understand the purpose of this statement. As to the right of persons erecting improvements upon public land of the United States, we refer to Lindley on Mines, sec. 409; Treadway v. Sharon, 7 Nev. 37, 38; Arnold v. Goldfield Third Chance Mining Co., 32 Nev. 447–455, 109 P. 718.

Counsel for respondent states in his brief that Wells is not an innocent purchaser for value, for the reason, as he says, that he obtained his title through a quitclaim deed. To support his contention, he cites the

following cases: Oliver v. Piatt, 3 How. 333, 11 L. Ed. 622; Dickerson v. Colgrove, 100 U. S. (10 Otto) 578, 25 L. Ed. 618.

We do not consider it necessary to determine this question, if for no other reason than that the record does not show the character of the deed. However, we direct counsel's attention to the case of Moelle v. Sherwood, 148 U. S. 21, 13 S. Ct. 426, 37 L. Ed. 350.

■ It is also contended by appellant that the evidence does not show that the claim of Cale was owing and unpaid, hence the judgment as to this claim should be reversed. An examination of the testimony of this claimant does not show that the claim was unpaid, hence the judgment as to it must be reversed.

We have substantially disposed of every question raised on this appeal. We may say that the evidence in the record is very skimpy, due, no doubt, to an unfortunate circumstance heretofore considered in this case. 57 Nev. 53 P. (2d) 1192.

■ Paragraph 3, rule IV, of this court, provides that when transcripts of the record in any action are typewritten, they must be of the first impression, clearly and legibly done, etc. The transcript of the record in this case contains many carbon copies, some of which are very poor. We feel that appellant should be limited in the matter of the recovery of costs herein.

It is ordered that the judgment and order appealed from be reversed, and that a new trial be granted, appellant to recover two-thirds of his expenses in preparing the transcript on appeal.