ROBERT PECCOLE, ET AL., *v.* LUCE & GOODFEL-LOW, INC., A CORPORATION, ET AL., RESPONDENTS.

No. 3562

December 8, 1949.                    212 P.2d 718.

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*Harvey Dickerson,* of Las Vegas, for Respondents.

## OPINION

By the Court, WATSON, District Judge:

This is an appeal from a judgment decreeing foreclosure of liens: "A," $1,055.36 to Luce & Goodfellow, Inc., an electrical company; "D," $382.70 to F. W. and Allen L. Sharpe, painters and decorators; "E," $798.50, to Tommy Roberts doing business as Roberts Roofing & Floor Company; awarding $600 attorney fee, and decreeing said sums to be a lien on the property described.

A joint action was filed by six claimants for more than $14,000, and copies of their respective claims were attached as a part of the complaint as Exhibits "A" to "F," inclusive. It was stipulated at the trial that evidence adduced should apply to claims other than "A," "D" and "E" above only in the event the others were not compromised. The court below found that other claims had been compromised and settled, and "E" is dismissed on this appeal by request of appellants on admission that the findings below were correct with reference thereto.

The appeal then is from the judgment and order denying new trials as to "A" and "D" claims only, insofar as we are concerned here.

The contention of defendants differing as to the two causes, they for the most part must be treated separately, but discussion herein as to either cause which is decisive as to both causes, is so intended.

Paragraphs I and II of the complaint allege that Luce & Goodfellow in the capacity of electricians furnished material and labor on the premises at the instance and request of Christie, lessee of owners Peccole and others, on his, Christie's, promise to pay the reasonable value thereof; that the materials were used in improving the building; that the owners, Robert and Peter Peccole and Louis Wiener, Jr., were cognizant of and had notice of the installation of the electrical work and wiring; that $1,364.56 was the reasonable value of the labor and

materials, and that payment had been refused on demand, and so forth.

The answer and separate defense admit I and II, except to aver substantial compliance by May 16, instead of June 18, 1947, to deny furnishing of material or labor after the former date, and to deny the reasonable value to be more than $1,000, on which credit is claimed of $300. We think this is answered by undisputed evidence of Albright, salesman and estimator for plaintiff, and Exhibit C2, ledger sheet showing the connection of an electric heater May 19, 1947, certain electrical work as contracted for, and a balance due as of that date of $1,355.36, on which claimed credit of $300 was allowed by the judgment of $1,055.36. In any event there was substantial evidence to sustain the findings in these respects. Nor should the fixing of interest on the judgment as of June 18 be complained of as it benefits no one but defendants.

Defendants admit that lien claim "A" was filed as required by law on June 18 as alleged in Paragraph XV, and the only claim filed within ninety days, and admit that as alleged therein all claims were filed according to law on various dates, including "D" filed as of August 23. The answer denied the balance of that paragraph in which it is alleged that each claim was filed within ninety days from completion of work and furnishing of materials, and in which particulars of compliance with our lien laws are enumerated; we point out that this denial was qualified by the wording of the answer, Paragraph XXIII, "*   *   * and allege the fact to be that all plaintiffs herein, save and except Luce & Goodfellow, Inc., filed their lien claims more than ninety days after the completion of the work to be performed and/or materials furnished by said plaintiffs   *   *   *." Nor does the separate defense point out any defect in this or the other liens except to repeat as to other liens, failure to file within the ninety days.

The special denial as to time of filing only, we

think created only that issue. Material allegations not properly denied, stand admitted. 49 C.J. 341, p. 275, and cases there cited, note 74. Applying the general rule that what should be and is not traversed or denied is admitted, generally speaking a special denial of one or more allegations admits all others well pleaded. Pleading, section 346, 49 C.J., p. 281 and cases there cited, note 42, under which is cited Shamlian v. Wells, 197 Cal. 716, 242 P. 483, 484, an action for occupancy of realty. Defendant Caine there denied generally the allegations of the complaint, but specially denied that he unlawfully retained possession and harvested crops during the period. The court said in substance: "The denial last referred to must be taken as an admission of retention of possession, harvesting crops and appropriation of the proceeds of sale thereof" as alleged in the complaint. "The only issue raised was as to the lawfulness of appropriation and possession."

A general demurrer was filed herein to the complaint as a whole, same being overruled by consent on time being given to answer. There was no objection at the trial to introduction of evidence in support of lien "A" because of its failure to comply with section 3739, N.C.L. Supp.1931–1941, pertaining to mechanics' liens. The matter was submitted on brief and there for the first time appellants argued that lien "A" failed to contain "also the name of the person by whom he was employed or to whom he furnished the material."

That is appellants' principal contention here, that "A" was fatally defective in this respect, invalid and did not support the judgment and therefore a new trial should have been granted.

Section 3739, N.C.L.Supp., provides that the lien claim shall contain, also, the name of the person by whom claimant was employed or to whom he furnished the material. Lien claim "A" gives notice that Luce & Goodfellow, Inc., "under and pursuant to the laws of the State of Nevada relating to liens of mechanics and

others, claim a lien upon that certain real property * * *," giving location and description; "that said lien is claimed for material and labor furnished in the installation of electrical work and wiring installed in the building situated upon the above described lots"; "that Robert Peccole, Peter Peccole and Louis Wiener, Jr., are now, and at all times herein mentioned were the owners and reputed owners of the real estate described, and that S. D. Christie is the lessee of said owners." It sets out the value of the materials and labor, date of completion and that the whole of said property was necessary for the convenient use and occupation of said building.

Though the only parties in interest as appears by the pleadings and the proof are named as owners and lessees, the failure to identify in so many words one or the other, as the employer or person to whom materials were furnished, seems the basis of appellants' contention here. As to the cases most relied on by appellants, we do not find Nofziger Bros. Lumber Co., 2 Cal.App. 219, v. Shafer, 83 P. 284, in point. Hooper v. Flood, 1880, 54 Cal. 218, properly held: Demurrer for misjoinder should have been sustained as to defendant Flood alleged in the complaint and nominated in the lien claim to have been the agent of Irvine, the owner; that the word "cash" does not state terms, time given and conditions of contract, no longer required by 1187, Code of Civil Procedure, Baird v. Ocequeda, 8 Cal.2d 700, 67 P.2d 1055; that statement of intervener "that materials were furnished for Irvine and Lien was claimed on his interest in the land and buildings," was not a statement of owner or reputed owner. In Norton v. Bedell Engineering Co., 1928, 88 Cal.App. 777, 264 P. 311, where neither complaint nor lien claim stated, as required by 1187, C.C.P., kind of materials furnished or work done, objection to evidence was sustained without leave to amend despite 1203, C.C.P., "where complaint stated none of the material matters in the lien claim and did not attach or contain a copy of lien claim." The court

there said it could not be ascertained from the complaint as to contents of lien notice, whether compensation was sought for lumber, hardware, paint, plaster or brick nor whether work performed was that of a carpenter, plumber, painter or brick mason. In Hogan v. Bigler, 1908, 8 Cal.App. 71, 96 P. 97, strictly interpreting the statute as so many earlier cases did under statutes similar to our own, the court held that required statement, among other things, "the name of the person to whom he furnished the materials," was not met where lien stated and complaint alleged that lumber was sold to Crawford and evidence without conflict shows sale to one Hambleton, and the lower court so found. The court there said: "It appears clear that if a notice of claim of lien states that materials were furnished to a particular person, when, as a fact, they were sold to a different person, and not to the person named, such claim would be more objectionable and defective than if the claim of lien had contained no statement." "In the one case no information is given, and in the other information is given which is untrue and misleading." Madera Flume & Trading Co. v. Kendall, 1898, 120 Cal. 182, 52 P. 304, 65 Am.St.Rep. 177, cited therein says, that statement in lien, that one Price was contractor, fails to name person to whom materials were furnished, where statement is consistent with their having been furnished to some one other than Price." We feel the court there followed the harsh trend of the then decisions in holding that though the complaint alleged Price as the person to whom materials were furnished, the lien could not be amended in this respect.

■ We point out that Johnson v. Smith, 1929, 97 Cal. App. 752, 276 P. 146, interpreted section 1203, C.C.P., differently than did Norton v. Beddell Engineering, supra, that section providing: "No mistake or errors in the statement of the demand, or of the amount of credits and offsets allowed or of the balance asserted to be due to claimant, nor in the description of the property against which the claim is filed, shall invalidate

the lien," unless the court found that the mistake or error was made with intent to defraud; or an innocent third party had become bona fide owner without notice, constructive or direct, and that it did not put the party cn further inquiry in any manner. It was held that omission to state in lien claim, "kind" of materials fur-nished, was not fatal in absence of showing of intent to defraud or resulting injury to third persons. In Shafer v. Los Serranos et al., 128 Cal.App. 357, 17 P.2d 1036, 1037, it was conceded that the lien notice failed to state the name of the party to whom materials were furnished, merely naming bank as owner, Los Serranos Co., as erector of building, H & C Construction Co., as contractors who engaged Los Serranos Co., and that claimant furnished lumber. The court infers this to have been adequate, citing Richmond Sanitary Co. v. Franklin, 122 Cal.App. 229, 9 P.2d 855-856, for the proposition that the harshness of the rule in earlier cases was not being followed in numerous decisions under 1203, C.C.P.; and Prince v. Hill, 170 Cal. 192, 149 P. 578, 580, that "the statute does not require such literal exactness and rigid adherence to precise form as the appellants contend." In Jarvis v. Frey, 175 Cal. 687, 166 P. 997, the notice of lien was held sufficient where it could be reasonably inferred from statement in the notice, to whom the materials were furnished. Trout v. Siegel, 202 Cal. 706, 262 P. 320, is to similar effect, and Consolidated Pipe Co. v. Wolski, 211 Cal. 563, 296 P. 277, 278, where it was said: "Liens of mechanics or materialmen will not be held invalid unless they tend to defraud or fail to impart notice." Hammond Lumber Co. v. Richardson, 94 Cal. App. 119, 270 P. 751, 752, cites Trout v. Siegel, supra, and in discussing the necessity of designating name of person by whom employed or to whom materials were furnished, says: "The purpose of the claim of lien, as contemplated in the Mechanic's Lien Law, in so far as it concerns the owner of the property against which the lien is claimed, is to give him constructive notice of the claimed lien, to inform him as to the nature and extent

cf the claim, and to facilitate investigation as to its merits." As early as 1883 Nevada cases indicated a more liberal view than California cases cited. Malter v. Falcon M. Co., 18 Nev. 209, 2 P. 50, said that the act was to be liberally construed, that the spirit and purpose of the law is to do substantial justice to all parties who may be affected by its provisions, and courts should avoid unfriendly strictness and mere technicality. Skyrme v. Occidental M. & M. Co., 8 Nev. 219, 221; Hunter v. Truckee Lodge, 14 Nev. 24, 28; Lonkey v. Wells, 16 Nev. 271, 274. This rule should always be followed where the objections urged serve only to perplex and embarrass a remedy intended to be simple and summary, though as pointed out by appellants to the court then, in sustaining judgment on demurrer in the lower court, found no "direct, unequivocal allegation of name of owner;" again reverting to strictness of early California cases, citing Hooper v. Flood, supra. Under authority of this very case Milner v. Shuey, 57 Nev. 159, 60 P.2d 604, tried on stipulated statement of facts held that naming of partnership as employer in the lien, and one Hagg, in the stipulation of statement of facts, was not such substantial (material) variance as to defeat the lien under 3739. Though not applicable here, the court held that terms, time given and conditions of contract, need not be stated in lien where none exist, citing Lamb v. Goldfield Lucky Boy M. Co., 37 Nev. 9, 138 P. 902. For liberal construction of pleadings and notice: "The general principle upon which the statute relative to mechanics' liens is grounded being broad, it follows that it was never intended that provisions of the law should furnish a snare and involve claimants in intricacies of pleading." "Hence, while there must be a substantial compliance with the essential requisites of the statute, such pleadings and notices as the law requires should be liberally construed in order that justice might be promoted and the desired object might be effected." "* * * Courts will not give the statute such a narrow or technical construction as to fritter away, impede, or destroy

the right of the lien claimant." As a general rule a mistake in the statement as to the name of the person with whom plaintiff contracted or by whom he was employed will not defeat the lien, where there was no intention to deceive and no one has been misled to his detriment. Such liens should be liberally construed with a view to effect their objects and promote justice. Nor will it be presumed in absence of evidence to that effect that any one was misled, Hammond Lumber Co. v. Richardson, supra; and Trout v. Siegel, supra; and Winship v. Holden, 90 Cal.App. 71, 265 P. 265, to the effect that the statute being remedial, should be liberally construed in furtherance of the purposes for which it is authorized, with regard to substance rather than form, as the persons for whose benefit the statute was enacted are not presumed to be versed in matters of pleading, and the notices, which under its provisions they are authorized to give, have regard to substance rather than form. Tonopah Lumber Co. v. Nevada Amusement Co., 30 Nev. 445, 97 P. 636, and other Nevada cases there cited, hold the statute to be remedial and must be liberally construed and that substantial compliance is sufficient to create a valid lien.

Treating lien "A" alone without aid of the complaint, it is conceded to be no form to be followed, as a good example of a good statement of, "person by whom plaintiff was hired or to whom materials were furnished," probably an indication that it was drawn by one not versed in pleading or in the law of liens. Even had the complaint failed to include a copy of the lien or defectively alleged the statements therein, the court below might well have been sustained in holding the statement in said Lien "A" to have been an honest and adequate attempt to comply with 3739 requiring statement of "* * * name of the owner * * * if known, also the *name* of person by whom he was employed * * *," by following the name of the owner by the *name* of Christie as lessee of said owner. (Italics ours.) The naming of Christie is incident to no other statement,

not consistent with furnishing materials or labor to a person other than Christie. If the nature and extent of the claim could have been readily understood without it, detail is unnecessary. Johnson v. Smith, supra. In the absence of showing of fraudulent or intentional error or omission or that one was misled thereby to his detriment, we feel that the lower court could have been sustained in overruling demurrer, refusing to sustain objection to evidence or denying motion to strike, as to lien "A," if the court there felt it was a necessary inference from such language in the claim, that the materials were furnished to or claimant was employed by Christie, although the fact was not directly stated. 57 C.J.S., Mechanics' Liens, sec. 164, p. 698, note 17; and sec. 169, p. 713, note 93. In this view there is less force in appellants' contention and citations which hold that the lien may not be aided by pleadings or extrinsic evidence. With such contention and citations, so far as they apply to the facts in this case, we do not agree in view of sec. 1 of Mechanics' Lien Law, being 3735, N.C.L.; sec. 9, 3743 N.C.L.; and sec. 5, now 3739, N.C.L.Supp., the latter having been the law of Nevada since amendment 1911, chap. 160; and decisions thereunder.

■ The only question before us here, however, is whether the court on trial committed error in Finding VII by finding, "* * * and that said lien conformed with the provisions of said laws of the State of Nevada as to form and contents." It was fully alleged, admitted by answer, and amply supported by undisputed evidence, "That plaintiff furnished material and labor on the premises at the instance and request of Christie, lessee, * * * on his promise to pay * * *." It was likewise alleged and admitted, and not controverted by evidence that: "Owners were cognizant of and had notice of installation of electrical work and wiring." Appellants made no objection below to the sufficiency of Lien "A" by way of objection to introduction of evidence

thereunder, motion to strike for lack of conformance to statute, or by way of demurrer. Their consent to demurrer being overruled is effective as a withdrawal of the demurrer. 49 C.J. 554, p. 447, note 29; and 940, p. 663, note 6. Nor does the record or evidence show filing or posting of nonresponsibility notice under 3743, N.C.L.

Whether properly or at all denied as heretofore pointed out with reference to P XV of the complaint this seems an essential finding to support the judgment. Sec. 3739 reads in part: "Upon the trial of any action or suit to foreclose such lien no variance between the lien and the proof shall defeat the lien or be deemed material unless the same shall result from fraud or be made intentionally, or shall have misled the adverse party to his prejudice, but in all cases of immaterial variance the claim of lien may be amended, by amendment duly recorded, to conform to the proof." Construing this broad statute then, should the finding be varied or reversed here, in the absence of evidence of fraud or intentional misstatement or omission by which the adverse party was misled to his prejudice? We think not. The lien and the complaint should be read and considered together. Friendly v. Larsen, 62 Nev. 135, 144 P.2d 747; Zasucha v. Allen, 56 Nev. 338, 51 P.2d 1029. If there be substantial compliance under our liberality of construction and substantial compliance rule, such pleadings and notices as the statute requires should be liberally construed to promote the objects to be effected, and the statute in this respect should not be construed so technically as to destroy claimant's right of lien. The theory upon which all labor liens are based is that they are remedial in their nature and intended to assist the laborer to obtain a just price for his services. Lamb v. Goldfield Lucky Boy M. Co., supra. Nor will the lien be held invalid where it may reasonably be inferred, by whom one was employed or to whom he furnished materials. Richmond v. Franklin, supra, and cases there

cited, unless it tends to defraud or fails to impart notice. Consolidated Pipe Co. v. Wolski, supra. There is insufficient evidence in the record to warrant a conclusion here that there was such material variance as to defeat or invalidate the lien.

Such findings find further support in sec. 1 of Mechanics' Liens, sec. 3735, N.C.L., and sec. 9, sec. 3743, N.C.L. The former provides in part: "Every person performing labor upon, or furnishing material * * * to be used in the construction, alteration or repair of any building * * * has a lien upon the same for the work or labor done or material furnished * * * whether done or furnished at the instance of the owner * * * *or his agent;* * * * and every contractor, * * * or *other persons* having charge or control of * * * the construction, alteration or repair, either in whole or in part, of any building or other improvement, * * * *shall be held to be the agent* of the owner, for the purposes of this chapter." The adverse party could not have been misled by lien's failure to identify which of the two parties named, employed claimant or to whom he furnished materials, as the property would be subject to lien in either case under this section. The latter, sec. 9, sec. 3743, reads in part: "Every building or other improvement mentioned in section 1 of this act, constructed upon any lands with the knowledge of the owner * * *, shall be held to have been constructed at the instance of such owner * * *, and the interest owned * * * shall be subject to any lien filed in accordance with the provisions of this section, unless such owner * * * shall, within three days after * * * knowledge * * * give notice that he will not be responsible for the same," by posting and filing, as therein provided. Under this section, employment of the labor or purchase of materials by the owner of the building or his agent is not necessary to the attaching of lien rights on the part of the laborer or the person who furnished materials. If the owner has knowledge of the same, lien

rights are deemed to attach unless the required notice is given. Nichols v. Levy, 55 Nev. 310, 32 P.2d 120; Gould v. Wise, 18 Nev. 253, 3 P. 30, 31; and Rosina v. Trowbridge, 20 Nev. 105, 17 P. 751. Verdi Lumber Co. v. Bartlett, 40 Nev. 317, 161 P. 933, imposes mandatory active duty of strict compliance upon the owner if he would be relieved of responsibility under this section, and holds that by failure in compliance he is estopped to deny the authority of his tenant or other person authorizing the improvements, because of which the property must be held subject to lien. Nichols v. Levy, supra, to the same effect. This section must be strictly complied with. George v. Wentworth, 56 Nev. 380, 53 P.2d 1193, 1194, stating: "It is clearly mandatory, and while designed to establish a rule of evidence, was also intended to impose an additional requirement upon an owner in order to exempt his property from the effect of a lien claim [duly filed]."

Correlatively, the complaint might have been amended on proper motion to conform to the proof, the provision for amendment being very broad under 3739 above, where there is no evidence that variance resulted from fraud, or was intentional, or that defendant was misled to his prejudice. Nellis v. Johnson, 57 Nev. 17, 18, 53 P.2d 1192, 57 P.2d 392; or where a third party has not intervened, Riverside Fixture Co. v. Quigley, 35 Nev. 17, 126 P. 545, in which an amendment as to the description was approved. To the same effect as to misstatement of name, Milner v. Shuey, supra. Nor will failure to amend avail appellant as the provision is directory merely.

As to the Sharpe matter under lien "D," paragraphs IX and X of the complaint are substantially in the language under "A" except as to amount, $382.70. Here the answer and separate defense admit Paragraph IX except to deny as to this and Paragraph X, that any labor or materials were furnished after April 23, 1947, that the amount should have been more than $200, deny

Paragraph XV as above as to legality of Lien "D," and aver that performance after April 23 was of trifling items omitted, or to repair poor or inferior workmanship, and so forth, admitting as above that lien "D" was filed August 23, 1947. We find nothing in the record to warrant variance of findings as to amount due, due date as of May 26, 1947, that this was the last date on which labor or materials were furnished, or that filing was within the statutory period.

As to the second and third contentions of appellants, the trivial nature of the work on claimed date of completion and that labor was not performed on the building, the evidence is to the effect that Roberts Roofing Company, because of lack of materials, was delayed in laying tile and did not complete this until June 10, that respondents Sharpe could not varnish the top and front of counter until some of this work was completed according to Allen Sharpe, and Claude Fogel, painter and employee of Sharpe Company, testified: "Q. * * * what was the reason for the lapse of time between April 23rd and the 26th of May, when you did the last work? A. When we were working on the job and had the job about completed, Roberts Flooring came in to lay the floor tile and they started down in this one corner which eliminated us from getting down in that corner to finish. They spread their cement for their asphalt tile and we had to stay off of that, and then I made numerous trips back there to pick up this amount of work to be varnished here, and every time I went down there, being varnish, we couldn't have any dirt or dust around, and they were cleaning up trying to get open for business and Christie himself told me to leave it go for a while, until we get rid of this dirt. Q. Was the 26th of May the first day that you could get in there to do this painting? A. That is the first—when he said all right, I went ahead and did it that day."

It is true that not more than thirty square feet of varnishing was done in a period of not more than a half

hour, according to testimony, on the top and face, of some item to be used in connection with a restaurant or cafe, as indicated by the name of the place, Christie's Finer Foods. On the other hand it does not appear from the evidence that it is a readily removable item, as contended by appellants. It is true, there was mention of a counter, but no evidence as to whether affixed or otherwise. Attorney for appellants cross-examining Mr. Fogel asked: "Q. Did you actually varnish the top of the counter or isn't the top of the counter linoleum? A. If you know the place maybe I can describe it to you better. It is from the window that runs along Ogden Street back to the counter, and that is flat on top, about a foot or fourteen inches wide, and hooks on to the counter at that point, and it is varnished down to the face and varnished on top."

Even if it were a counter, we think it is not conclusive that same might have been removed without damage to the building or to the counter itself, or that same was not intended to become a fixture in view of the business here contemplated, as to become a nonlienable item to the extent of defeating a lien otherwise maintainable. It may, we think, have been intended to be a part of improvement to the building, in contemplation of the business to be conducted there. If so it became a fixture, for our purposes here. David G. Janes Co. v. Weed, 214 Wis. 402, 253 N.W. 181. A bar or counter in a place where liquor is sold was held to be a fixture under National Prohibition Act, 27 U.S.C.A. sec. 1 et seq. United States v. Myers, 125 Misc. 566, 211 N.Y.S. 465. Whenever chattels have been placed in and annexed to a building by their owner as a part of the means by which to carry out the purposes for which the building was erected or to which it has been adapted, and with the intention of permanently increasing its value for the use to which it is devoted they become fixtures, Knickerbocker Trust Co. v. Penn Cordage Co., 66 N.J.Eq. 305, 58 A. 409, 105 Am.St.Rep. 640, as between

owner and mortgagee, and we fail to distinguish the case from that of lienee and lienor.

As to the contention that the last items were trivia or items omitted or repairing defects or inferior workmanship, we find no evidence to sustain the latter two contentions. If they were part of or incident to a continuing contract or a contract as a whole, the contention of appellants cannot prevail. It appears that work and materials as indicated by Exhibits "J," "K," "L," and "M" were furnished from time to time under a cost plus contract with Christie, as testified to by Allen Sharpe. There seems to have been no unreasonable, unnecessary or unjustified delay in furnishing work or materials under the understanding here, that same should continue until the varnishing and painting were done. It is a continuing contract with a sufficiently continuous compliance therewith. Under such conditions it would appear that the claimant could not have filed a lien claiming April 23 as date of completion or substantial compliance, unless the owner had given notice of completion under 3739, as amended, chap. 94, p. 133, Statutes 1941, providing in part: "The owner may within ten days after the completion of any contract of *work of improvement* provided for in this act * * * file * * * notice * * *." And, "in case such notice be not so filed, then all persons claiming the benefit of this act, shall have ninety days after the completion of said work of improvement within which to file their claims of lien. The phrase 'work of improvement' and the word 'improvement' as used in this act are each hereby defined to mean the *entire structure or scheme of improvement as a whole.*" Even where done under separate contracts, if the work is continuous the lien is preserved by giving notice within ninety days after the work is completed. Capron v. Strout, 11 Nev. 304; Skyrme v. Occidental M. & M. Co., supra. Tonopah Lumber Co. v. Nevada A. Co., above, justifies a referee in sustaining continuity under building contract, where work was resumed April 27 after discontinuance on

February 15 where plaintiff was not responsible for cessation, was never ordered to cease furnishing material, and had no notice of intention not to complete the building. If an owner intentionally leads claimant to believe the building is not completed, or that the work was required under the contract, and claimant relies upon such representation, the owner is estopped to assert that the contract was already completed. Baird v. Havas, 72 Cal.App.2d 791, 164 P.2d 952; Shea v. Graves, 142 Or. 503, 19 P.2d 406; Hubbard v. Lee, 6 Cal.App. 602, 92 P. 744. In Tonopah Lumber Co. case [30 Nev. 445, 97 P. 638] it was said: "And, in consonance with its repeated decisions, this court will not vary a finding of fact where there is substantial evidence to support it." Same in Friendly v. Larsen above and cases there cited; or where evidence is conflicting, Paterson v. Condos, 55 Nev. 134, 28 P.2d 499.

As to each point raised we are unable to hold that the court's finding of substantial compliance is without substantial support in the evidence. Nor do we find error in allowing as part of the costs $600 as a reasonable attorney fee. The amount which may be allowed under statutes such as ours, as attorney fees, rests in the sound discretion of the trial court, taking into consideration the amount involved, the character of the services rendered, and the time employed. If there is substantial evidence to support the allowance it will not be disturbed, and the statutory discretion in fixing the allowance will not be interfered with if it does not appear to have been abused. 57 C.J.S., Mechanics Liens, sec. 353, notes 4 to 7, inclusive; Friendly v. Larsen and Milner v. Shuey, supra; Quint v. Ophir M. Co., 4 Nev. 304, to the effect that time employed means, not the time immediately devoted to the business alone, but the time which he must lose from other business. Here the record, minutes of the court and papers filed show a great deal of time and work devoted to the case, appearances on demurrer, motion to make more certain, demand for bills of particulars, furnishing bills and

amendments, the trial itself, and opening and reply briefs. We think it was not arbitrary or an abuse of discretion to allow not the $1,000 requested, but $600 on the sum of $2,236.56 recovered.

No substantial error appearing the order and judgment appealed from are hereby affirmed.

BADT and EATHER, JJ., concur in the result.

Chief Justice HORSEY having been absent due to illness the Governor designated the Honorable HARRY WATSON, District Judge, to sit in his stead in this case.